## GEORGE WILKINSON
### v.
## FRANCES M. DOYLE.

As the same questions arise in this as in the preceding case, the cause is reversed and remanded for the same reasons.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.   Opinion filed August 7, 1885.

Mr. E. F. BULL, for appellant; that there was no usury in the loan, cited Kihlholz v. Wolf, 103 Ill. 362; Wilson v. Kirby, 88 Ill. 566; Cooper v. Nock, 27 Ill. 301; Ferguson v. Sutphen, 3 Gilm. 547; 1 Jones on Mortgages, p. 634; Trotter v. Curtis, 19 Johns. 160; Nourse v. Prime, 11 Am. Dec. 416; Colehour v. State Savings Institution, 90 Ill. 152; Phillips v. Roberts, 90 Ill. 492; Brigiam v. Myers, 51 Ia. 397; Van Wyke v. Walter, N. Y. Ct. of Appeals, June 8, 1830.

A defense of usury is denied one purchasing subject to a mortgage, when the mortgage formed a part of the consideration: Cramer v. Lepper, 26 Ohio, 59; Huff v. Horsey, 36 Md. 181; Pickett v. Mer. Nat. Bk., 32 Ark. 346; Lee v. Feamster, 45 Am. Rep. 549; Henderson v. Bellew, 45 Ill. 322; Valentine v. Fish, 45 Ill. 462; Sutherland on Damages, Vol. I, 563; Pinnell v. Boyd, 33 N. J. Eq. 190; Doleman v. Crane, 14 Ib. 63; Colebrook on Collaterals, page 162; Thacher v. Stone, 3 Pick. 253; Housatonic Bank v. Martin, 1 Met. 307; Rasley v. Dudley, 3 Id. 149; Gerrish v. Mace, 9 Gray, 239; Green v. Comb, 13 Mass. 513; Ready v. Heubner, 46 Wis. 792; Lamoille Co. Nat. Bk. v. Bingham, 28 Am. Rep. 490.

WELCH, J.   This was a bill filed by appellee, claiming that she was the owner of the northwest quarter of the southwest quarter of section 36, of township 28, N., R. 13, west of the 2d P. M., in Iroquois county.   That she bought the same of

Edward Hurlbut, and that Hurlbut bought from Thomas I. Martin; that there is a mortgage upon the records on said land for $300, given by Martin *et ux* to E. Sandford, and by Sandford assigned to Mary Hoge, and by her assigned to appellant; that of the said $300, $15 is usury; and she asks that she may be allowed to redeem by paying only the alleged $285 with six per cent. interest, deducting payments already made. The answer denies any usury and claims that even if the contract were usurious appellee could not take advantage of it, because Hurlbut, as grantee of Martin, agreed, as part of the purchase money for the property, to pay the full amount of the mortgage and all the interest at ten per cent. due thereon, according to the terms of the same, and that the full amount of the principal and interest then due on said note was deducted by Martin from the said purchase money. The circuit court found that the mortgage was usurious, and decreed that appellee could redeem by paying $285 and interest at six per cent. after deducting the payments; from which decree appellant appeals. Cross-error to dismiss appeal—motion to dismiss appeal overruled. The same two questions that arose in the case of Simon Flanders and E. Sandford v. Appellee, decided at this term, are presented in this case: first, was the transaction usurious; second, can appellee take advantage of such usury.

We are satisfied from the evidence in this case that the loan was made by Sandford to Martin, and that the loan was usurious—he paying to Martin $285 and taking a note and mortgage for $300, and that there was no error in the circuit court so finding. The note and mortgage in this suit are similar to the other note and mortgage described in the deed of Martin *et ux* to Hurlbut, and in the deed from Hurlbut to the appellee, referred to in the case of Flanders *et al.* v. Appellee, *supra*. And we are of the opinion that appellee can not take advantage of such usury, for the same reasons and upon the same authorities referred to in that case. We hold that the decree in this case allowing appellee to redeem on the payment of the sum of $285, with six per cent. interest, after deducting credits, is erroneous. The decree should have been

that the appellee should be allowed to redeem upon the bringing and tendering into court for the appellant the amount found due upon said note and mortgage according to their terms, after deducting all just credits, and this amount appellee should be required to bring in and tender by a day to be fixed by the court, the interest to be computed to the day of payment and that she also pay the costs; and that in default on her part, the bill will be dismissed at her costs. For the errors herein indicated this cause is reversed and remanded, with directions to enter a decree in conformity with this opinion.

Reversed and remanded.