ELISHA ESSLEY ET AL.

v.

JOHN C. SLOAN ET AL.

DEFENSE OF USURY.—The right of the grantor to interpose the defense of usury is denied for the same reason as found in Flanders v. Doyle, *ante*, p. 508.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding. Opinion filed August 7, 1885.

Messrs. BASSETT & WHARTON, for appellants.

Mr. JOHN C. PEPPER, for appellee.

WELCH, J. This cause was before this court at the December term, 1884. Appellants came into court asking the right to redeem from a trust deed after the property was advertised for sale. They propose and offer in their bill to bring into court such sum as the court should find they should be equitably bound to pay for the right to redeem. This appeal is taken from the decree fixing the amount they were required to pay to redeem. The principal error assigned was the refusal to allow the defense of usury. This question was passed upon by this court when this case was before it at the December term, 1884, when the right to interpose this defense was denied. We perceive no reason for changing our opinion in relation thereto. On the contrary, upon further examination and more mature reflection, that opinion has been strengthened.

Elisha Essley, on the 15th day of January, 1872, applied to John McKinney for a loan of $2,000 and received it on the agreement to pay two per cent. interest in advance and ten per cent. at the end of the year, and gave his note for $2,000 payable one year after date; and to secure the same he and his wife executed a trust deed to certain real estate to Isaac M.

Bassett as trustee. The interest was paid by Essley for several years and on the 8th day of February, 1878, Essley sold and conveyed the land to William Drury subject to this trust deed. The amount of this trust deed was thereby assumed to be paid by Drury and the money for that purpose left in his hands by Essley. On the 25th day of February, 1878, Drury sold and conveyed the lands to Bigelow. The consideration expressed in the deed is $7,300, subject to certain incumbrances, naming them, and among them the trust deed in controversy. This deed gives the description of each incumbrance, the amount thereof, and when recorded. Bigelow paid the interest on this debt from 1878 to 1884. On the 24th day of March, 1884, Bigelow conveyed to Cyrus A. Ballard, by quitclaim deed, for the consideration of one thousand dollars, the lands as described in the deed; its consideration and the amount of the incumbrance shown in Drury's deed to be on the land, show that the incumbrances were deducted from the purchase money, and that the thousand dollars was what Ballard was to pay Bigelow in money. The bill alleges that McKinney received usurious interest, and that Essley paid the same without complaint; there is no pretense that he disclosed it to Drury or any one else, nor that Drury, Bigelow or Ballard had any knowledge of any usury in the note or trust deed, when they bought respectively. Essley had voluntarily made an appropriation of property to pay this debt and interest, and no right that he had before he deeded to Drury can now be asserted with or without his consent. Essley's rights were carefully guarded by the decree which provided that the holder of the note and trust deed should have no personal claim on him. This same question of the rights of a grantor to interpose the defense of usury has been before us at this term in Flanders v. Doyle and Wilkinson v. Doyle. In each of those cases the right was denied. We refer to the reasons given and authorities cited in those opinions in support of our opinion in this case. We find no error in the amount found by the court to be due, nor in the rate at which interest was to be computed. There was no merger of the note in the decree. Appellee was asking no relief, nor do we find any er-

ror in the court in refusing to allow credit for the sum of $26.81, appellants having no right to have any benefit therefor; nor do we find any error in the time fixed in which payment was to be made.

The decree is affirmed.