## GEORGE B. JOINER

v.

## R. H. ENOS, EXECUTOR.

*Trust Deed—Sale—Bill to Enjoin—In Substance, Bill to Redeem—Practice—Interest.*

Upon a bill filed to enjoin a sale under a trust deed on the ground that the complainant was entitled to certain credits on the note secured by the trust deed, it is *held:* That the evidence sustains the decree of the court below, as to the amount due after disallowing all but one of the credits claimed; that, in the absence of a cross-bill asking a foreclosure, it was erroneous to decree a sale in case of default in the payment of the amount found due; that sixty days was not an unreasonably short time within which to require such payment; that the bill was, in substance, a bill to redeem; and that it was erroneous to decree that the complainant might redeem by paying the amount found due, with interest at six per cent. thereon, the defendant being entitled to interest at the contract rate, until the money is brought into court and tendered.

[Opinion filed June 9, 1887.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. GEORGE B. JOINER, in person, appellant.

Mr. W. POTTER, for appellee.

BAKER, P. J.  In 1874, and the following years, there were various dealings between George B. Joiner, the appellant, and Rosella J. Coman, the testate of appellee, and among these were the execution by the former to said testate of three trust deeds on real estate; one of these was to secure a principal note of $2,000 and five ten per cent. interest notes of $200 each; another was to secure a note for $684, and the third to secure a note for $629.46.  The two incumbrances first mentioned were afterward paid off and satisfied.  In 1880 said Coman was about to make a sale under the power in the trust deed securing the note for $629.46, when appellant filed this bill, claiming that he had found evidence of the payment by him to her of the sums of $50, $70 and $89.14, and of the delivery to her of eight cords of wood for all of which he had received no credit in their dealings; and also that by mistake he had paid her $80 too much interest on the $2,000 note. The bill asked that an account should be taken, and that the sale under the trust deed should be enjoined.

The injunction was granted and Mrs. Coman died before making answer.  Thereupon Enos, her executor, was made party defendant, and answered the bill.  Such proceedings were afterward had in the cause as that at the September term, 1886, of the Circuit Court, a decree was entered finding the amount due upon the trust deed to be $964.93, and providing that in default of its payment, with six per cent. interest, within sixty days, the master should sell the mortgaged premises.

There was no error in the finding of the court that $964.93 was due upon the trust deed.  The bill of complaint only sought to surcharge the account as it was claimed by the testate, and afterward by her executor, in respect to five items

of credit that were claimed. The item of $80 was allowed him by the report of the master and the decree of the court, and as matter of course he does not now make objection on that account. He admits in his bill that it was the agreement between him and Coman that the $50 credit on the back of the $500 note (in lieu of which note he subsequently executed the note and mortgage in suit) should be erased and placed as a credit of interest on the $2,000 note, and that in pursuance of this agreement it was erased. We are satisfied from the evidence that this $50 and the payments of $70 and $89.14 were all applied in discharge of the first interest coupon note of $200. In respect to the item of $40, the evidence shows that some time in 1876, one Drazy hauled seven or eight cords of wood for appellant to Mrs. Coman, and that in that year wood was worth $5 a cord. We hold this evidence to be wholly insufficient to establish this supposed credit.

The testimony does not show upon what account or under what contract this wood was furnished, and for aught that appears, it may have been paid for in cash or otherwise at the time it was delivered. There were several settlements between the parties subsequent to this cord-wood transaction, and at times when appellant was hard pressed for money, and if the $40 had been due him he would have claimed a credit therefor. When he seeks to claim credits back of the dates of such settlements, the presumptions are all against him.

No cross-bill was filed in the cause asking a foreclosure of the trust deed and a decree for the sale of the mortgaged premises. It was therefore erroneous to decree a sale of the lot by the master in chancery in the event of default in the payment of the amount found due. The bill of complaint of appellant was, in substance, a bill to redeem, and it was erroneous to decree that he might redeem by paying the amount found due, with six per cent. interest thereon; that which appellee is entitled to receive, his debt not being merged in the decree, is his principal debt with interest thereon at the contract rate, calculated to the time the money is brought into court and tendered. Flanders v. Doyle, 16 Ill. App. 508; Wilkinson v. Doyle, 16 Ill. App. 514; Essley v. Sloan, 16 Ill.

App. 572; S. C., 116 Ill. 391. In our opinion sixty days was not an unreasonably short time within which to require appellant, in order to avoid a dismissal of his bill, to redeem, by tendering the money in court.

The decree below, in respect to the amount due upon the note and trust deed, is affirmed; but in respect to the order for the sale of the lot and the matter of six per cent. interest, it is reversed; and the cause is remanded for further proceedings in conformity herewith.

It is further ordered that each party be taxed with one-half of the costs of this court, the costs taxed against appellee to be paid in due course of administration.

*Affirmed in part and reversed in part.*