## SIMON FLANDERS ET AL.

### V.

## FRANCES M. DOYLE.

1. USURY.—The court is of opinion that the original contract in this case was usurious.

2. MORTGAGE—SALE.— If a party purchases from a mortgagor without any deduction from the price on account of the incumbrance, he thereby becomes invested with the right to interpose the same defenses as might have been made by the mortgagor.

3. SALE SUBJECT TO MORTGAGE.—But if the sale is made subject to the mortgage and the amount of the incumbrance is deducted from the price, the grantee will not be permitted to make the defense of usury.

4. SUBSEQUENT PURCHASER.—Where the deed from the purchaser in such case contained this provision: "Subject to all legal claims the holder or holders of two certain mortgages on said tract may have by virtue of said mortgage thereon." *Held*, that the grantee does not occupy any better position than her grantor, and can not take advantage of the usurious contract.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed August 7, 1885.

Messrs. BULL, STRAWN & RUGER, for appellants; cited Maher v Lanfrom, 86 Ill. 513; Henderson v. Bellew, 45 Ill. 322; Valentine v. Fish, 45 Ill. 462; Union Dime Savings Institution v. Wilmot, 94 N. Y. 221.

Messrs. DOYLE, MORRIS & PIERSON, for appellee; as to usury, cited Payne v. Newcomb, 100 Ill. 620; Mitchell v. Lyman, 77 Ill. 530; Armour v. Moore, 5 Bradwell, 435; Wilday v. Morrison, 66 Ill. 534.

As to who may question usury: Pike v Crist, 62 Ill. 464; Henderson v. Bellew, 45 Ill. 325, Valentine v. Fish, 45 Ill. 468; Maher v. Lanfrom, 86 Ill. 522; Melendy v. Keen, 89 Ill. 403.

WELCH, J. This was a bill filed by the appellee claiming that she was the owner of a certain forty acres of land in Iroquois county; that she purchased the same from Edward

Flanders v. Doyle.

Hurlbut; that Hurlbut purchased from Thomas I. Martin; that there was a mortgage upon the records upon said land for $300, given by Martin and wife to E. Sanford, by Sanford assigned to Flanders; and that of said $300, $15 was usury; and asks that she may be allowed to redeem by paying only the alleged $285 principal and interest at six per cent., deducting payments already made. The answer denies any usury, and also claims that if the contract was usurious appellee could not take advantage of it, for the reason that Hurlbut, the grantee of Martin, agreed, as part of the purchase money for the property, to pay the full amount of the mortgage and all interest at ten per cent. due thereon, according to the terms of the same, and that the full amount of principal and said interest was deducted by said Martin from the purchase money. The circuit court found that the mortgage was usurious, and decreed that the appellee might redeem by paying $285 and interest at six per cent. after deducting the payments. From which decree appellant appeals.

The two principal questions that are presented by this record for our examination are, 1st, was there usury in the transaction? 2nd, if there was usury can appellee take advantage of it?

The question as to whether there was usury can only be answered by ascertaining who made the loan and to whom did the money belong. McGill, who, from his testimony, seems to have been acting as agent of Sanford and of Martin in this loan, says: "Have known Sanford ten years; have acted as local agent for him in loaning money in this county; he was to give me one per cent. on all loans approved by him. On that agreement I made two loans to T. I. Martin, of $300 each. Martin received $285 on each loan, Sanford $12, and I $3." At the time this loan was made by McGill he received from Sanford the following directions: "In loan to self to T. J. Martin I herewith inclose you the money in trust for the purpose of this loan, with statement as follows: amount of loan, $300; deduct fees four per cent. for me; amount enclosed for mortgagor, $288, in amount your fees. Be sure that all papers are properly executed and acknowledged."

The note and mortgage were executed to Sanford. Sanford says: " I had an arrangement with Trowbridge and others by which I could use money of theirs temporarily for such purposes until the loan should afterward be sold, and I did in this case use such funds, and the loan was afterward sold. The money belonged to Trowbridge, and I paid him interest on it at the rate of ten per cent. as long as I used it. A few days after the loan, Simon Flanders, who was a carpenter, *bought* the loan and paid $300 therefor." We are satisfied that the loan in this case was made by Sanford; that in making it he used the money of Trowbridge under an agreement with him that he might so use it by paying him interest thereon at ten per cent. until the loan should be sold. When sold to Flanders he paid to Trowbridge the money he had thus used under this agreement with him, with interest thereon at ten per cent. There was no error in the circuit court in holding that the original contract was usurious.

We are, however, of opinion that appellee can not take any advantage from the fact of the usury. She derives her title from Hurlbut and he from Martin, the mortgagor. The deed from Martin et ux to Hurlbut, of July 14, 1869, for the land em! raced in this mortgage, and also another forty acres on which there was another mortgage for $300, has this provision: " Subject to two certain sale mortgages to E. Sanford of $300 each, and now of record on said land, situate in the county of Iroquois." The mortgage referred to in said deed, which is now owned by Flanders, was of date July 21, 1875, and made to Sanford, on which there was an indorsement made by Sanford to Flanders. Martin and wife both state that the face of the note and interest due thereon in the mortgage specified was a part of the consideration for their conveyance to Hurlbut, and that it was deducted from the price. In Maher et al. v. Lanfrom et al., 86 Ill. 520–21 and cases there cited, " If a party purchases from a mortgagor without any deduction from the price on account of the incumbrance, he thereby becomes invested with the right to interpose the same defenses as might have been made by the mortgagor. In such case the conveyance amounts to an au-

Flanders v. Doyle.

thority to the purchaser to interpose the defense of usury against the collection of the mortgage debt, without regard to the actual value of the property. *But if tne sale is made subject to the mortgage and the amount of the incumbrance is deducted from the price, the grantee will not be permitted to make the defense of usury.*" Cramer v. Lepper, 20th Am. Rep. 756 and note, 758; Hough v. Horsey, 11 Am. Rep 484; Picket v. National Bank of Memphis, 32 Ark. 346; Ferris v. Crawford, 2 Denio, 595. In this case Hurlbut bought subject to the mortgage and the face of the note, and ten per cent. interest was deducted from the price; he could not be permitted to make the defense of usury. Does his grantee, the appellee, occupy any better position than her grantor? The deed from Hurlbut to her contains this provision: "Subject to all legal claims the holder or holders of two certain mortgages on said tract may have by virtue of said mortgages thereon." Hurlbut had assumed to pay the amount of the face of the note and mortgage and interest thereon, according to the terms thereof, and the same had been deducted from the purchase price. Hurlbut had agreed to pay this money to the holder of the mortgages, an agreement in which Martin and the holder of the mortgages had an interest. The legal claim that the holder of this mortgage had at the time of this conveyance to appellee by Hurlbut was for the payment of the face of the note with interest at ten per cent., less payments. This is what she assumed to pay. In the case of Algy Dean for use, etc. v. Edwin Walker, 107 Ill. 540, this rule is announced: that a deed made subject to a mortgage which the grantee agrees to pay, or if the amount of the mortgage has been deducted from the purchase price and left in the hands of the grantee, the grantee will become personally liable to the holder of the incumbrance to pay the same. This rule applies equally when the owner sells and conveys the land incumbered by a mortgage which he had assumed to pay, or retained the amount thereof from the price. To one who, as a part of the consideration of his purchase, assumes to pay or retains the amount thereof from the price, the contract will be for the benefit of the holder of the mortgage. The

law, operating on the acts of the parties, establishes a privity of contract between the grantee and the holder of the mortgage, and an obligation arises on the part of the grantee to pay the mortgage, and the mortgagee may, by an action in the name of the grantor for his use, maintain a personal action against the grantee for the same. The same rule was announced by Justice Walker in John M. Daub et al. v. Elizabeth Englebach, 109 Ill. 267. "This court has repeatedly held that a person purchasing lands and agreeing to pay off incumbrances on the land as part of the consideration for the purchase, becomes liable to pay the holder of the lien. Even if the mortgage was rendered void he, in equity, is still liable to pay the debt. He agreed to do so, and even if the mortgage was rendered void, that did not cancel the debt, nor did it release him from his legal liability to pay it. It will not be inequitable or unjust." No more is required to be paid than was agreed to be paid by her; she will not be wronged out of a penny by paying the face of the note and ten per cent. interest thereon according to its terms, less payments.

It is, however, insisted by counsel for appellee that for the consideration of a lease for one year made by appellee to Martin for this land, that she obtained from him the right to interpose the defense of usury. We are of the opinion that Martin acquired by his lease no right which he did not already have under his lease from Hurlbut, and for which he had paid to Hurlbut $240, and we are not satisfied from the evidence that any authority was ever given by Martin to appellee. We are further of the opinion that Martin having conveyed to Hurlbut, subject to this mortgage, and having deducted the amount of the face of the note together with the interest thereon according to its terms, less payments, to the date of his conveyance to Hurlbut and left the same in his hands to be by him paid to the holder of the mortgage and note, and Hurlbut having conveyed the same to appellee, as we have seen, under similar conditions, Martin, if he had desired, had not the power to grant authority to the appellee to interpose this defense of usury. This is a bill filed by appellee to redeem. Martin, the mortgagor, is no

Flanders v. Doyle.

party to this suit; appellant is asking no affirmative relief. Appellee has in her hands the full amount of the face of the note together with the interest thereon, less such amounts as are shown to have been paid, which was retained by her from the price of the land on the conveyance to her, by Hurlbut, and interest thereon since that time. It would be inequitable and unjust to allow her to redeem said land for a less sum than the amount of the face of the note and mortgage and interest thereon according to the terms thereof, less such amounts as are shown to have been paid. If the mortgage debt were to be reduced on this application, by reason of the usury in the contract, it is manifest the appellee would get the land purchased for less than she agreed to pay for it.

The decree in this case, allowing her to redeem by paying the sum of $285, with interest at six per cent., less such credits as have been shown, was erroneous. She should have been allowed to redeem on the terms that she should, by a day fixed by the court, bring and tender into court for the appellant, Flanders, the amount due upon the note and mortgage, together with interest thereon, according to the terms of the said note and mortgage, after allowing all just credits thereon, interest to be counted to the day of payment, and also that she pay the costs, and that in default of the payment of the amount so found to be due upon the note and mortgage for the principal and interest after allowing all just credits, that the bill be dismissed at appellee's costs.

For the errors herein indicated this cause is reversed and remanded with directions to enter a decree in conformity with this opinion.

                                    Reversed and remanded.