[No. 839. Decided April 23, 1894.]

JOHN B. AULT, *Respondent*, v. A. A. BLACKMAN *et al.*, *Respondents*, AND STEARNS MANUFACTURING COMPANY, *Appellant.*

MORTGAGES — FORECLOSURE — DEFENSES — ESTOPPEL TO DISPUTE VALIDITY OF PRIOR MORTGAGE.

In an action to foreclose a mortgage, an answer alleging non-delivery by the mortgagor and want of consideration for the execution of the mortgage states good defenses.

The bare recital in a mortgage that it is subject to a prior mortgage will not estop the mortgagee from questioning the consideration or validity of such prior mortgage, when the mortgagor is assailing it on the same grounds.

*Appeal from Superior Court, Snohomish County.*

*Arthur, Lindsay & King,* for appellant.

*W. R. Andrews,* for respondent Ault; *Ronald & Piles,* for respondents Blackman.

The opinion of the court was delivered by

ANDERS, J.— John B. Ault and D. S. Swerdfiger, co-partners under the name of J. B. Ault & Co., instituted this action against A. A. Blackman, H. Blackman and E. Blackman, and their respective wives, to foreclose a mortgage upon certain real estate in Snohomish county, executed by the above named defendants to plaintiffs, to secure an indebtedness of $18,634.76. Some twenty other parties claiming an interest in the premises were made defendants in the action, among whom was the appellant corporation. The complaint alleged that the lien of the plaintiff's was prior and superior to the liens of all other claimants, asked the court to so adjudge, and prayed that the mortgaged premises be sold and the proceeds applied to the payment of the sum due on plaintiff's said

mortgage.   All of the defendants appeared in the action. The Stearns Manufacturing Co. filed a cross complaint against the defendants Blackman Bros., alleging that they had made, executed and delivered to it a note for the sum of $20,500, and, to secure the payment of said note, had made, executed and delivered to it a mortgage upon the land so mortgaged to Ault & Co., and that the same was prior to the Ault mortgage.   This was denied by the Blackmans, and several affirmative defenses were interposed against the alleged claim of appellant.   Upon the conclusion of the testimony on the part of Ault & Co. they moved the court for leave to withdraw the name of Swerdfiger as one of the plaintiffs, and continue the action in the name of J. B. Ault, doing business as J. B. Ault & Co., which motion was granted by the court.

It appears that the alleged mortgage to the appellant was executed on August 6, 1890, and that, on the same day, Blackman Bros. and their wives made the mortgage to J. B. Ault & Co. to foreclose which this action was brought, and in which is contained the following recital:

"This mortgage is subject to one mortgage of even date for the sum of thirty-two thousand dollars, made to Stearns Manufacturing Company and others."

Upon the trial the court admitted testimony on the part of the plaintiff and Blackman Bros., over the objection of the appellant, to show that the appellant's mortgage was without consideration, and, also, that it was never delivered to, or accepted by, the appellant.   The trial court gave judgment in favor of the plaintiff, in accordance with the prayer of the complaint, and held the mortgage to the Stearns Manufacturing Co. and others void, and decreed its cancellation.   From this judgment the Stearns Manufacturing Co. appeals to this court, and as grounds for its reversal relies upon the following propositions of law: *First*, That the respondent is estopped to deny the prior-

40—8 WASH.

ity or validity of the mortgage to Stearns Manufacturing Co. and others; *second*, Blackman Bros. are estopped to deny the execution and delivery of the mortgage to appellant and others.

We will first consider the second proposition, and it must be borne in mind that the appellant, by its cross complaint, sought to foreclose the alleged mortgage to it by Blackman Bros., as well as to have the same declared a lien prior to that of the respondent. The defendants Blackman Bros., as a defense, pleaded want of consideration for the mortgage, and also that the alleged mortgage was void because it had never been delivered to, or accepted by, the appellant.

It is a familiar doctrine that a deed, in order to become effectual, must be delivered by the grantor and accepted by the grantee. It only takes effect upon delivery, and so long as it remains in the possession of the grantor, or under his absolute control, it is, as to the grantee named therein, no deed at all. That in an action to foreclose a mortgage a plea of non-delivery by the mortgagor, or non-acceptance by the mortgagee, is a good defense to the action, we think does not admit of doubt. No case is cited to the contrary by the appellant, and we believe none can be found. Indeed, a denial of the execution and delivery of the mortgage in such cases is classed by the courts and text writers as one of the general defenses to the action. Boone, Mortgages, § 181; 5 Wait's Practice, p. 203; 2 Jones, Mortgages, § 1479. An allegation of want of consideration, usury, or the statute of limitations, or an allegation of payment, or that the debt is payable upon an event which has not happened, states a good defense. 2 Jones, Mortgages, *supra*. Such being the law, it follows that the second point is not well taken.

In support of its first proposition, the appellant has cited a considerable number of authorities which announce the

general doctrine that a grantee in a deed, which by its terms is subject to a prior mortgage, is estopped from questioning the consideration for, or validity of, that mortgage. The leading case upon this question in New York, and which has been often elsewhere referred to with approval, is *Freeman v. Auld*, 44 N. Y. 50. In that case the broad rule was laid down that, "the purchaser taking title subject to it (the prior mortgage) is estopped from questioning its validity, and must pay it if he has agreed to; and if not, he must allow the lands conveyed subject to it, to be applied to its payment." It appeared as a fact in that case, however, that the purchaser not only accepted the deed which by its terms was subject to the mortgage, but that the amount of the mortgage was deducted from the purchase price of the land, and the same was true with regard to subsequent transfers of the premises. It would, therefore, have been eminently unjust if, under such circumstances, the purchaser had been permitted to contest the validity of the mortgage after having recognized and considered it as a part of the price agreed to be paid for the land so purchased. A denial of the validity of the mortgage would have operated as a fraud upon his grantor, and he was, therefore, properly held to be estopped by his own admission from perpetrating a palpable wrong. From the language quoted from the opinion in this New York case, and from that used in other cases cited by the learned counsel for the appellant, it might be inferred that in no event will one who has received a conveyance of property subject to a mortgage be permitted to question the consideration or validity of the mortgage; but such, we think, is not, and ought not to be, the universal rule. A party should not be estopped by a statement in a deed unless it appears that there was an intention that the statement should not be questioned, or that injustice would follow if

the court were to allow it to be contradicted.    Bigelow, Estoppel (5th ed.), 382.

Accordingly, in a late and well considered case, the supreme court of Missouri, speaking of estoppels by deed, said:

"We think it well settled that where the incumbrance is not made a part of the consideration, and not deducted from it, and where it is not assumed by the grantee, the recital in a deed that the conveyance is subject to an incumbrance does not estop the grantee from showing that what purports to be an incumbrance is not one in fact because of its invalidity, or because it has been satisfied." *Brooks v. Owen*, 112 Mo. 251 (19 S. W. 725).

The court cites a large number of cases in support of the doctrine thus enunciated, and if the law is correctly stated in the opinion in that case, and we think it is, we are unable to perceive any reason why the same principle should not apply to the case of a mortgagee where his mortgage contains a bare recital that it is subject to a prior mortgage.    Even where the general rule contended for by appellant is recognized, a subsequent mortgagee of chattels is not precluded from showing that the prior mortgage has been paid, or that the property described was never subject to the mortgage, or that the supposed prior mortgage was absolutely void.    Jones, Chattel Mortgages, § 488; *Barry v. Bennett*, 7 Metc. (Mass.) 359.

In the case at bar the respondent, as we have seen, received a mortgage simply reciting that it was subject to a certain other mortgage of the same date in favor of the appellant.    If it was a fact that no such mortgage ever existed, was the respondent estopped from showing it in a case where the mortgagor was himself denying its existence and validity?    We think not.    On the contrary we are of the opinion that, under the circumstances, the respondent had a right to interpose any objection to the mortgage

that the mortgagor was interposing. *Flanders v. Doyle*, 16 Ill. App. 508.

The case at bar is distinguishable from the cases of *Clapp v. Halliday*, 48 Ark. 258 (2 S. W. 853), and *Muncie National Bank v. Brown*, 112 Ind. 474 (14 N. E. 358), cited by the appellant. In the first of those cases the subsequent mortgagee accepted a mortgage not only reciting a prior one, but expressly stipulating and providing for its payment, and the court very properly held that he was estopped to deny that which he had expressly agreed was the truth. In the second, it was held that the subsequent mortgagee would not be permitted to assail a prior mortgage on the ground that it was made to defraud creditors. That decision is evidently correct in principle, for in such a case the mortgagor himself would be estopped to assert that he had executed a mortgage for such a purpose.

Owing to the peculiar condition of the record in this case, and the probability that the same condition will not again arise, we have purposely refrained from deciding the several points raised by the motion to dismiss the appeal, though we are rather inclined to the view that some of them are not without merit.

The judgment is affirmed.

DUNBAR, C. J., and STILES and HOYT, JJ., concur.

SCOTT, J. (*dissenting*).—I dissent. I think the proof shows a consideration and delivery, and that appellant had a valid mortgage.