UNITED WATERWORKS CO., Limited, v. FARMERS' LOAN & TRUST CO.

(Circuit Court of Appeals, Eighth Circuit. August 2, 1897.)

No. 818.

PAYMENT—EVIDENCE—PAYMENT OR PURCHASE.

The senior member of a banking firm was the vice president and active officer of a waterworks company, between which and the bank there was a running account. The bank, which was in the habit of advancing money for the company and paying its drafts, took up the maturing coupons from bonds of the company; punching the coupons as paid, and charging the amount. together with a commission for making the payment, to the company. The result being a large debit balance against the company on its books, the bank took the unsecured notes of the company for the amount. *Held*, that such transaction was a payment, and not a purchase of the coupons by the bank.

Appeal from the Circuit Court of the United States for the District of Nebraska.

This is an appeal by the United Waterworks Company, Limited, from an order confirming the report of a master which rejected certain coupons presented by the appellant for allowance under a decree of foreclosure upon the Omaha waterworks.

John L. Webster, for appellant.

James M. Woolworth, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.    Under a decree for the foreclosure of a mortgage upon the Omaha waterworks, this case was referred to a master, with directions to hear any party presenting any bonds or coupons described in the mortgage, in support of his own right, and against the right of any other party to share in the proceeds of the foreclosure sale, and to ascertain and report to the court the amount due to each of the holders of any of the bonds or coupons.    The United Waterworks Company, Limited, a corporation, and the appellant here, presented to the master 3,556 coupons, which fell due on July 1, 1891, and which aggregated $96,850, and the master disallowed them. Exceptions were filed to his report, but the court overruled them and confirmed the report.    This appeal challenges that order of confirmation.    There is but one issue in this case, and that presents a question of fact.    The appellant purchased these coupons, after they were due, and after they had been punched as paid, from the firm of C. H. Venner & Co., who took them between July 1 and December 31, 1891. The question is whether Venner & Co. purchased or paid them.    If they purchased them, the master and the court below should have allowed the claim of the appellant; but, if they paid them, that claim was properly rejected.    The American Waterworks Company of New Jersey, a corporation, was the owner, subject to the mortgage, and was in possession, of the Omaha waterworks in 1891.    C. H. Venner was the vice president and active officer of that corporation, and he was the senior member of the firm of C. H. Venner & Co., who were bankers in active business in New York City.    W. H. Hall was the controller of the American Waterworks Company, and the active manager of its works, at Omaha.    There was a running account between this corporation and Venner & Co., and the latter were in the habit of advancing money for and of paying drafts of the corporation. From statements of this account which Venner & Co. rendered to the corporation, it appears that the following balances were due from the corporation to the firm at their respective dates:

| | |
|---|---|
| On May 19, 1891 | $23,034 37 |
| On May 29, 1891 | 33,701 17 |
| On June 30, 1891 | 19,982 28 |
| On July 31, 1891 | 72,353 62 |

On June 3, 1891, Venner & Co. wrote Hall, as controller of the waterworks company at Omaha:

"We note your draft of $6,000 drawn yesterday. We were hoping there would not be any further drafts at present, so that we might have a chance to prepare

82 F.—10

for the July interest. You want to be as sparing of funds as possible, so as to remit us all you can; and we also want you to arrange the hydrant rentals as you did last December, if you can. Our July payments will be very heavy this year."

The aggregate amount of all the outstanding coupons which fell due July 1, 1891, was $98,000. On that day Venner & Co. charged this amount and one-fourth of 1 per cent. commission thereon to the American Waterworks Company of New Jersey on account of "coupon interest"; and a portion of this charge became a part of the balance of $72,353.62, which, according to the statement they rendered on July 31, 1891, was then due to them from the corporation. As the coupons were presented, Venner & Co. took them up, punched them as paid, and paid their face value for them. Between June 30 and July 12, 1891, the American Waterworks Company remitted to C. H. Venner & Co. $50,000; and on July 18, 1891, the total amount due Venner & Co., after crediting them with the payment of all the coupons due July 1, 1891, was $72,353.62. On that day C. H. Venner & Co. wrote Hall, as controller of the corporation:

"The American Waterworks Company (New Jersey) Omaha account has drawn upon us, including balance of coupon interest, for approximately $80,000. At the last meeting of the directors the president and controller were authorized to issue notes for the requirements at Omaha. We inclose fifteen notes, of $5,000 each, which please sign and return to us."

These notes were payable to the order of C. H. Venner & Co., and were signed and delivered to them. On August 6, 1891, the balance due from the American Waterworks Company to Venner & Co., according to the latter's account rendered, was $73,579.62. On that day C. H. Venner wrote Hall, as controller:

"The company to-day has credit for $75,000, 15 notes of $5,000 each."

On August 8th Venner & Co. charged the corporation with $428.44, interest on its account to August 1st, and on August 11th they credited it on their account with "15 notes, $5,000 each, to C. H. Venner & Co., dated August 6, 1891, $75,000."

The burden of proof was upon the appellant to establish by a fair preponderance of evidence the fact that Venner & Co. did not pay, but purchased, these coupons. It produced the testimony of C. H. Venner, and that of the employés of Venner & Co., to the effect that they purchased, and did not pay, these coupons; that they posted a notice in the bank that they were not paying, but were purchasing them; that they notified those who presented them that they were not paying, but purchasing, the coupons; and that they punched them as paid through an error. It also produced the testimony of C. H. Venner that his firm did not intend, by the presentation of their accounts, to treat the coupons as paid; that they made no agreement to, and did not, accept the promissory notes as payment of the account or of the coupons; and that they intended to, and did, hold them as an original claim against the corporation. This record shows that the coupons due on July 1, 1891, were not the only ones secured by this mortgage which Venner & Co. took up. They paid some that were due prior to that date. They purchased some that were due on January 1, 1893, on January 1, 1894, and on July 1, 1894. The witnesses for the appellant may have been mistaken in their date, and it may be

that the notice to which they testified was posted, and the conversations relative to the purchase of coupons which they related were had, at some other time than in the summer of 1891; but it is incredible, in view of the facts which we have recited, in view of the letters which Venner & Co. wrote, and the records which they made, that they could have purchased the coupons here in issue. If they purchased these coupons, it is incredible that they would have charged the American Waterworks Company with the full amount of them, and with a commission for paying them, as they did, when they had not paid them, and did not intend to do so, and when they had not earned this commission, and never intended to earn it. If they bought these coupons, it is beyond belief that they would have written to the controller of the corporation on July 18, 1891,—when the entire balance due to them on account, after crediting them with paying the full amount of these coupons and their commission, was only $73,579.62, and when, if they had not paid them, the true balance of the account was $24,420.38 against them,—that the corporation had drawn upon them, including balance of "coupon interest," for approximately $80,-000; and it is incredible, if they purchased these coupons, which, in that event, constituted a secured claim against the corporation for $96,850, which drew interest under the law, that they would have accepted unsecured promissory notes of a corporation, which was in default, for only $75,000, as the balance for which the corporation was indebted to them. Every letter written, every entry made, and every account rendered at the time of this transaction is inconsistent with the theory of a purchase. If this transaction was a purchase, the punched coupons, the letters, and the accounts rendered constitute a comedy of errors too marvelous for our credulity. They urge us with compelling force to the opposite conclusion,—to the finding that this was a sale. The punching of the coupons as paid; the charge of the amount of their face value to the American Waterworks Company on July 1, 1891; the charge of the commission for paying them on that day; the letter of July 18th, that the corporation had drawn for approximately $80,000, including the coupon interest, when that was within $8,000 of the balance against the corporation after charging up the coupons as paid; the charge of interest on the account in August, and the acceptance and credit of the notes for $75,000,—together forge a chain of circumstantial evidence about this transaction which has not been overcome to our satisfaction by the explanations of Venner and his employés, or by the testimony of the other witnesses which the appellant has produced. The order confirming the report of the master must be affirmed, with costs. It is so ordered.