Caroline Maerz Offenstein et al., *Appellees*, v. Hymeneus Weygandt, *Appellant*.

No. 17,983.

SYLLABUS BY THE COURT.

1. Mortgage—*Partial Assignment on Separate Paper—Transferee Not an Innocent Holder.* The assignment upon a separate paper of a partial interest in a mortgage does not operate as a negotiation of the instrument or the debt secured thereby so as to render the transferee a holder in due course. (Gen. Stat. 1909, ¶¶ 5284, 5285.)

2. ——— *Same.* Where such a partial assignment has been made and filed for record and thereafter the note is paid in full to the payee, who surrenders it and the mortgage to the payors, they can not maintain an action against him to recover that part of the payment represented by such transfer.

Appeal from Sedgwick district court, division No. 1. Opinion filed June 7, 1913. Reversed.

*J. C. Milton*, of Wichita, for the appellant.

*Earl Blake, W. A. Ayres*, and *C. A. McCorkle*, all of Wichita, for the appellees.

The opinion of the court was delivered by

Porter, J.: The Offensteins gave their note for $750, payable to the order of Hymeneus Weygandt, secured by a real-estate mortgage. At maturity they

paid him the balance due and he executed a regular release upon the back of the mortgage, acknowledging satisfaction, and delivered to them the mortgage and the note, neither of which bore any indorsement or evidence of having been transferred. He had, before that time, executed upon a separate paper an assignment to another person of a one-third interest in the mortgage, which assignment had been duly recorded. When the Offensteins took the release to the register of deeds he refused to accept it for record because of the former transfer. They thereupon sued Weygandt for one-third of the amount of the note and recovered judgment for $250, from which he has appealed.

The contention of Weygandt that no cause of action was stated, seems to us sound. The fact that plaintiffs owed the debt, that it was due, and that the original note and mortgage, showing no indorsement or assignment of any character, were in the payee's possession and were delivered to them at the time the note was paid are all set forth in the pleadings. What right have plaintiffs to recover money which they have paid on a debt justly due from them? Their claim is, that because the assignment of a mortgage carries with it the debt, the partial assignment conveyed to the assignee a one-third interest of the note and that they are still liable to the assignee for the payment of $250. But they had not paid it to the assignee, nor had it been demanded of them at the time this action was commenced. The defendant's main contention is, that under the negotiable instrument law (Gen. Stat. 1909, §§ 5284, 5285) the partial assignment by a separate instrument could not make the assignee a holder in due course, and therefore that plaintiffs have a valid defense to any action which the assignee might bring against them. Section 5284 provides that:

"The indorsement must be written on the instrument itself, or upon a paper attached thereto."

Offenstein v. Weygandt.

Section 5285 reads:

"The indorsement must be an indorsement of the entire instrument. An indorsement which purports to transfer to the indorsee a part only of the amount payable, or which purports to transfer the instrument to two or more indorsees severally, does not operate as a negotiation of the instrument; but where the instrument has been paid in part, it may be indorsed as to the residue."

These requirements of the negotiable instrument law are essential in order to make the transferee a holder in due course. Since the assignee never became a holder in due course, the plaintiffs could have interposed the same defense of payment in an action brought against them by the assignee as if the defendant himself had sued them.

Of course, the plaintiffs were entitled to equitable relief. They should have brought all the parties into court and by offering to do equity, consenting that the $250 payment be applied upon the debt, have asked for a decree that the mortgage be canceled and that they recover their costs; but upon their own statement of the facts, they can not maintain this action, and the court should have sustained defendant's objection to the introduction of evidence.

The judgment is reversed with directions to enter judgment for defendant for costs.