[No. 14695.  Department Two.  August 3, 1918.]

STATE FINANCE COMPANY, *Respondent*, v.
THOMAS B. MOORE *et al.*, *Appellants*.[1]

MORTGAGES—FORECLOSURE— PARTIES — REAL PARTY IN INTEREST—
ASSIGNEE OF MORTGAGE. Under a written assignment of a mortgage,
the assignee, which was a subsidiary corporation of the mortgagee,
may sue to foreclose the mortgage as the real party in interest,
since the judgment will bind the mortgagee and the defendants are
entitled to all defenses they might have made against the mort-
gagee.

BILLS AND NOTES—DISCHARGE—MAKERS AS OWNERS—RIGHTS OF
THIRD PARTIES—STATUTES. The makers of a note who became the
owners before maturity and put it up as security for a bond issue
are not discharged by the operation of Rem. Code, § 3509, providing
for the discharge of the principal debtor who becomes the holder of
the instrument at or after maturity; since the statute does not ap-
ply as to a person not a party to the instrument where the principal
debtors admit it is still in force, and since the makers, though own-
ers, were not the holders and became owners before maturity.

MORTGAGES — FORECLOSURE — CONVEYANCE SUBJECT TO MORTGAGE
PLEDGED AS COLLATERAL — JUDGMENT — AMOUNT. The purchasers of
mortgaged property subject to the mortgage must be assumed to
have deducted the amount of the mortgage from the purchase
price; and upon foreclosure of the mortgage by an assignee holding
the same as collateral security for less than its face, the judgment
of foreclosure should be for the full amount of the mortgage debt,
and not limited to the amount for which it was pledged, for the pro-
tection of the former owner of the mortgaged premises, though he
had become owner of the mortgage pledged; since he conveyed the
premises subject to the mortgage anticipating to be recompensed
by receiving the face of the mortgage debt less the indebtedness for
which it was pledged.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered December 13, 1917,
upon findings in favor of the plaintiff, in an action to
foreclose a mortgage, tried to the court.  Affirmed.

[1] Reported in 174 Pac. 22.

*E. O. Connor* and *Mulligan & Bardsley*, for appellants.

*Hamblen & Gilbert* and *Graves, Kizer & Graves*, for respondent.

MACKINTOSH, J.—The plaintiff is foreclosing a real estate mortgage. The facts in connection with it are as follows: In 1913, the defendants Birch executed a note and second mortgage to the Traders' National Bank, of Spokane, in the sum of $72,000, the mortgage being upon the property known as the Tokyo Apartments, in Spokane. These instruments were executed to one Gates, as trustee for the bank, and by him reconveyed to the Spokane & Eastern Trust Company, with which the Traders' National Bank consolidated subsequently to the original transaction between the Birches and Gates. The Spokane & Eastern Trust Company thereafter assigned the note and mortgage to the State Finance Company, a subsidiary of the Spokane & Eastern Trust Company, and the plaintiff herein. On September 24, 1915, the plaintiff commenced this action. Subsequently to the transaction between the Birches and Gates, but prior to the commencement of the foreclosure action, several transfers of the Tokyo Apartments were made:

(1) October 1, 1913, deed of Birches to defendants Swager. Consideration, $10.

(2) March 8, 1915, deed of defendants Swager to defendant Lizzie S. Gerhauser. Consideration, $10.

(3) January 29, 1916, deed of defendant Gerhauser to appellants Moore and wife. Consideration, $1.

The first two of these instruments contain clauses assuming and agreeing to pay the existing indebtedness of $72,000 against the property, and the last instrument provided that the appellants Moore took the property "subject to valid mortgage now on record." It will be

noted that the conveyance of defendant Gerhauser to appellants Moore and wife was made after the commencement of the action to foreclose, and subsequently to the taking of default against Gerhauser in that action. At the time of the commencement of the action, a notice, of *lis pendens* was duly filed in the auditor's office. During 1913 and 1914, transactions were had between the Birches and the Spokane & Eastern Trust Company whereby a bond issue to the Birches was made by the Trust Company, part of the security for which was the note and mortgage in question, which had in the meantime become the property of the Birches. In the matter of the bond issue, various transactions between the Birches and the Trust Company reduced the former's indebtedness to $37,500. At the foreclosure sale, the plaintiff bid in the mortgaged premises for the sum of $89,000, holding the difference between that sum and the Birches indebtedness "as trustee for and on behalf of Seymour Birch and wife."

Four claims of error are made:

I. The first relates to a question of amendment of the pleadings, and in disposing of this assignment it is unnecessary to say more than that, after a thorough consideration of it, we see no merit therein.

II. That the plaintiff has not capacity to sue, not being the real party in interest. The plaintiff in this case is suing under a written assignment, and the defendants were entitled to all of the defenses as against this plaintiff that they would have been entitled to against the Trust Company, and the judgment will bind the Trust Company as well as the plaintiff. We see no valid objection to the action being prosecuted in this way.

III. It is claimed that the note was discharged by operation of law because the Birches, the makers thereof, had become the owners of the note, and were the

owners thereof at the time they put it up as security for the bond issue in 1914. Appellants' argument on this point is based upon Rem. Code, § 3509, which provides that a negotiable instrument is discharged when the principal debtor becomes the *holder* of the instrument *at or after maturity* in his own right. This statutory provision is only intended for the protection of parties to the instrument. As to a person who is not a party thereto and against whom no liability can be enforced in an action upon the instrument, the instrument has not been discharged when the parties to it, the principal debtors, admit that it is still in full force and effect. Moreover the record shows that the Birches were not the *holders* of the note but the owners thereof, and the statute grants a discharge only to the *holder*. The record further shows that the Birches became the owners of the note *before maturity* and the statute only discharges the obligation when the principal debtor becomes a holder *"at or after maturity."* For these reasons, we see no merit in this assignment of error.

IV. The appellants complain because the court rendered judgment in excess of the sum of $37,500, with interest, the amount for which the note was held as collateral security, and insist that, if a foreclosure is allowed, it should be for only the amount actually owing by the Birches to the Trust Company. It seems to be the law in this state since the decision in *Ault v. Blackman,* 8 Wash. 624, 36 Pac. 694, that the purchaser of mortgaged premises who purchases them subject to the mortgage and does not assume and agree to pay the mortgage has the right to question the validity of and consideration for the mortgage. But this rule does not extend to, and in the case referred to it is clearly indicated that it was not expected to extend to, the granting to a purchaser of mortgaged premises who has

bought subject to the mortgage, the amount of which was deducted from the purchase price which he paid, the right to question the consideration for or validity of such mortgage. It would be palpably unjust for the appellants who have received the benefit of the deduction of the face amount of the mortgage in purchasing the property to be able to reduce the amount to $37,500. This was not what was sold them by their grantor, nor purchased by them. It would be unconscionable to allow the appellants to reduce the recovery from the amount stipulated in the mortgage to $37,500; for the Birches, when they originally sold the property, deducted from the purchase price that they received the amount of the mortgage, anticipating that they would be subsequently recompensed for that amount by receiving the difference between the amount of their debt due to the bank and the face amount of the mortgage. To obliterate that difference now would be taking some $30,000 or $40,000 out of the pocket of the Birches, who have paid for it, and putting it in the pocket of the appellants, who have paid nothing for it. We are justified in assuming, and in fact are compelled to, that the appellants, when they received the conveyance to them, deducted from the purchase price which they paid the amount of the mortgage. No testimony was introduced by the appellants as to the price paid by them and the conveyance they received states a nominal consideration of one dollar. With the record in that shape, the authorities hold a conveyance subject to a mortgage is presumed to have included the mortgage debt in the purchase price. 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1205; *Atherton v. Toney,* 43 Ind. 211. The situation is well expressed in respondent's brief as follows:

"If appellants were now permitted to defeat a recovery of the face of the mortgage, and it were held

that plaintiff could only recover the $37,500 actually owing to the Spokane & Eastern Trust Company, the Birches, who had sold the mortgaged premises at a price fixed upon the theory that there was a $72,000 second mortgage against it which was a valid charge upon the realty, would be defrauded out of the difference between the amount of their indebtedness to the Trust Company and the face of the mortgage sued upon, and the appellants, who had purchased the land at a price fixed on the basis of the mortgage being for $72,000, would secure, without consideration, the benefit of the scaling down of the mortgage. This would be a fraud upon the Birches without any fault upon their part and a premium given to the appellants without their having done anything to earn it. When appellants' counsel, then, say that to permit a recovery of the $72,000 would be to make Birch a present of $40,000, they entirely misconceive the effect of the transaction. On the contrary, to scale down the recovery to $37,500 would be to make appellants a present of $40,000. The Birches are entitled to the $40,000 because when they sold the property that amount was taken out of the purchase price. The appellants are not entitled to the $40,000 because when they bought the property they bought it at a price which took into account the $40,000 as an enforceable lien against the property."

In the absence of proof to the contrary, the appellants must be held to have received the benefit of the full amount stated in the mortgage, and are now estopped to question the foreclosure in that amount.

For the reasons stated, the judgment will be affirmed.

MAIN, C. J., HOLCOMB, MOUNT, and PARKER, JJ., concur.