FALK, Appellant, vs. IGNATZ CZERWINSKI, INC., and another, Defendants : CZAPIEWSKI and wife, Respondents.

*March 6—April 3, 1934.*

For the appellant there was a brief by *Albert M. Kelly,* and oral argument by *Terence P. McDermott,* both of Milwaukee.

*Ben Lewis,* attorney, and *David C. Kwass* of counsel, both of Milwaukee, for the respondents.

FOWLER, J.   The plaintiff claims that Czerwinski, Inc., had no authority from her to collect for her either interest or principal of the note and that Czerwinski, Inc., was the agent of the mortgagors to make payment for them to her.

If the findings of the court to the effect that the mortgagors had no knowledge of the assignment of the note and that the $800 was paid to Czerwinski, Inc., as payment thereon are sustained by the evidence, the case is very simple. The note was not indorsed.   The plaintiff is therefore not a holder thereof in due course.   *Marling v. FitzGerald,* 138 Wis. 93, 120 N. W. 388; 8 Corp. Jur. § 873, and cases cited to note 89.   This is true under the Negotiable Instruments Law.   8 Corp. Jur. § 873; *Offenstein v. Weygandt,* 89 Kan. 739, 132 Pac. 991; *Foster v. Metcalfe,* 144 Ky. 385, 138 S. W. 314; *Mayers v. McRimmon,* 140 N. C. 640, 53 S. E. 447.   "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable."   Sec. 116.63, Stats. By familiar rule, payment of an assigned non-negotiable instrument to the payee without notice of its assignment constitutes payment as against the assignee.   This rule must govern the case, unless the recording of the assignment of

the mortgage is such constructive notice of assignment of the note as to impute knowledge of the assignment to the mortgagors. But this point is expressly covered by sec. 235.52, Stats., which provides that the recording of an assignment of a mortgage "shall not in itself be deemed notice of such assignment to the mortgagor, his heirs or personal representatives so as to invalidate any payment made by them or either of them to the mortgagee." If the recording was not notice of the assignment of the mortgage, it certainly was not notice of the assignment of the note.

The evidence sustains the finding that the mortgagors had no notice of the assignment prior to the payment of the $800 to Czerwinski, Inc. Mrs. Czapiewski conducted all transactions in connection with payments on the note. She testified that she first learned of the plaintiff's ownership of the mortgage in September, 1932, and there is no testimony that she learned of it earlier. It might be inferred from her signing of the agreement for the extension of payment, which recites it was "between" the plaintiff and the mortgagors, that she learned of it at the time it was signed. This agreement was signed September 5, 1931, but the money was paid in May, 1931, so that if she learned of the assignment on September 5th, the knowledge was not acquired until after the payment.

It is a closer question whether the finding that the mortgagors paid the $800 to Czerwinski, Inc., as payment on the mortgage is sustained by the evidence. Two writings in evidence on their face indicate the contrary. When the $800 was paid to Czerwinski, Inc., the mortgagors took a receipt therefor signed by Czerwinski, Inc., reciting that it was received by Czerwinski, Inc., "to be invested in a mortgage," and that "if investment found unsatisfactory, money to be refunded upon fifteen days' notice." On September 5, 1931, the date of the extension agreement, a receipt was given to the mortgagors signed by Czerwinski, Inc., reciting that

"Czerwinski, Inc., received of Leon Czapiewski $42 to apply . . . account mortgage $1,400 . . . $42." At the same time Czerwinski, Inc., gave Mrs. Czapiewski a receipt reciting that Czerwinski, Inc., "received of Leon Czapiewski $6 to apply . . . extension fees on $600, three years to September 5, 1934, $6." This $6 receipt tends to show as the mortgagors claim that the mortgagors understood that only $600 was due on the mortgage. If only $600 was due, the $800 was paid to apply on the mortgage debt. The trial court accepted the testimony of the parties and this $6 receipt as proof that the $800 was intended and understood by the Czapiewskis as payment on the mortgage debt. There was other evidence, some pro and some con, bearing upon the question of payment. The learned circuit judge in his findings states that the mortgagors are illiterate and unfamiliar with business transactions. Such clearly appears to be the case, and it well may be that they did not understand the significance of the recitals in the receipts inconsistent with the idea that the $800 was paid on the note. No reason is perceived why the mortgagors should have desired to invest $800 in a mortgage when they were owing $1,400 on a mortgage upon their homestead which they desired to retain. Upon the whole we consider that the finding of payment is supported by the evidence.

The briefs of the parties are wholly devoted to the questions of the agency of Czerwinski, Inc., and of the effect of a restrictive indorsement of a note. In view of the statute quoted, and the fact that there was no indorsement of the note at all, these questions are beside the case.

*By the Court.*—The judgment of the circuit court is affirmed.