MICHALAK and another, Appellants, vs. NOWINSKI and others, Respondents.

*November 4, 1935—January 7, 1936.*

For the appellant Ewa Michalak there was a brief by *Rubin & Zabel,* attorneys, and *W. C. Zabel* of counsel, and oral argument by *John Winfred Zabel*, all of Milwaukee.

For the appellant Philip Orth Company the cause was submitted on the brief of *Orth & Orth* of Milwaukee.

For the respondents there was a brief by *Alexander, Burke & Clark,* attorneys, and *Frank P. Burke* and *Giles F. Clark* of counsel, attorneys for Oscar E. Schwemer, trustee, and by *Kleczka & Steinhilber,* attorneys for Jozef Nowinski, Estelle Nowinski, and Zygmunt Nowinski, all of Milwaukee, and oral argument by *Giles F. Clark.*

FOWLER, J. This is a hard case, and "hard cases make poor law," unless sympathy be held subject to reason and precedent. By the judgment of the circuit court the appellant is denied recovery of $3,000, her entire estate, invested by her in what she innocently and in utmost good faith considered to be a valid and subsisting note and the mortgage given to secure it. She has our sympathy, but we cannot because of that, overthrow or disregard well-established principles of law in themselves sound and on the whole just in their operation in order to restore to her what she lost through reliance on the representations of one unworthy of her confidence in whom she excusably but unfortunately trusted.

The simple and controlling fact is that she purchased a negotiable instrument long past due by the face of which and the indorsements thereon $3,000 was apparently owing, while in fact the note had been paid after maturity to the holder in due course by those who, although not parties to the note itself, were liable for its payment by reason of their purchase of the mortgaged premises and assumption of the mortgage debt. Her case is ruled by the law of negotiable instruments as declared by the statutes of the state, and as long established by the courts prior to the enactment of those statutes. We cannot disregard this law, although we are impressed with the view that the plaintiff's conduct in relying on Czerwinski is under the circumstances less inexcusable than that of the Nowinskis in not ascertaining, for four and a half years, whether their agent Czerwinski had paid the note and procured a satisfaction of the mortgage, and in leaving him in possession during all this time of the papers turned over to him by the payee of the note and in position to perpetrate a fraud by their pretended sale.

By the Negotiable Instruments Law, sec. 117.37, Stats., a negotiable instrument is discharged in due course by payment by or on behalf of the principal debtor. By sec. 117.06,

Stats., payment in due course of a negotiable instrument is made by payment at or after maturity to a holder thereof whose title is not defective. The payee of the note, to whom the payment was made by Czerwinski, was such a holder. The Nowinskis had become the principal debtor by their assumption of the debt, and the payment was made in their behalf. And if, by reason of their names not being on the note, the makers of the note be considered as the principal debtors, still, the payment having been made pursuant to Nowinski's agreement with them to pay it, Czerwinski's payment for and in behalf of them was made for and in behalf of the makers also. The note was therefore discharged by that payment and was no longer a subsisting obligation.

The above assumes that the transaction between Czerwinski and the payee of the note was a payment notwithstanding the fact Czerwinski took an assignment to Czerwinski, Inc., instead of marking the note paid and taking a satisfaction from the mortgagee. It is to be borne in mind that Czerwinski, Inc., and Czerwinski himself must, under a finding of the court amply supported by the evidence, be considered as one and the same, and the written assignment from the mortgagee to Czerwinski, Inc., can be given no greater effect than if it ran to Czerwinski himself. It seems self-evident that the instant transaction constituted a payment. If this is not self-evident, it is so upon authority. Similar transactions were held to constitute payments in the following cases: *Gordon v. Wansay,* 21 Cal. 77; *Eastman v. Plumer,* 32 N. H. 238; *Binford v. Adams,* 104 Ind. 41, 3 N. E. 753; *Farmers' Loan & Trust Co. v. Oregon & W. T. R. Co.* (C. C.) 67 Fed. 404; *Farmers' Loan & Trust Co. v. Iowa Water Co.* (C. C.) 78 Fed. 881, 887; *United Waterworks Co. v. Farmers' Loan & Trust Co.* (C. C. A.) 82 Fed. 144; *United Water Works Co. v. Farmers' Loan & Trust Co.* 11 Colo. App. 225, 53 Pac. 511; *Thiel v. Butker,* 125 La. 473, 51 So. 500, 501, 28 L. R. A. (N. S.) 1065, 1066.

As the note was transferred to plaintiff after maturity, and also because it was payable to order and not indorsed, it was subject to the same defenses as if it were nonnegotiable. Sec. 116.63, Stats. It is fundamental that the assignee of a negotiable instrument takes it subject to all defenses existing against the assignor at the time of the assignment. *Falk v. Czapiewski,* 214 Wis. 624, 254 N. W. 111. It is manifest that had Czerwinski, Inc., the plaintiff's assignor, sued the Nowinskis on the note, they would have had a perfect defense. The case is thus ruled against the plaintiff.

It is urged by appellant that under the rule of *Marling v. FitzGerald,* 138 Wis. 93, 120 N. W. 388, the Nowinskis are estopped from setting up the defense that the note was subject to as against Czerwinski, Inc. It is true that circumstances might have existed such as to constitute an estoppel from asserting such defense. The rule that a chose in action in the hands of an assignee is subject to all defenses that existed against the assignor at the time of the assignment is subject to the qualification that a payer may estop himself by his representations, or by conduct equivalent to a representation, from asserting a defense against an assignee that he had against the assignor. 5 C. J. p. 966. Had the Nowinskis informed the plaintiff prior to the assignment to her that the note was not paid and the plaintiff in reliance on their statement had purchased the note, they would be estopped from claiming they had paid the note. But no statement was made by them. Nor was their conduct equivalent to such a statement. They knew nothing of the plaintiff's deal with Czerwinski and no more suspected dishonesty on his part than did the plaintiff. *Marling v. FitzGerald, supra,* has been much criticized as contrary to secs. 49 and 58 of the Uniform Negotiable Instruments Law, secs. 116.54 and 116.63, Wis. Stats. Brannan, Negotiable Instrument Law, 471, 472; note to 23 L. R. A. (N. S.) 178. And in final analysis the case goes upon the proposition that the rule as to defenses in cases

of assigned choses in action only applies to defenses existing at the time of the assignment, and that in that case the facts that would have constituted a defense by the payer against the payee occurred after the assignment. If the assumption as to the facts and the ruling in that case were correct, the facts constituting a defense as against Czerwinski, Inc., in the instant case occurred prior to the assignment to plaintiff, and that case whether incorrectly or correctly decided, does not support appellant's contention.

Appellant urges that as the Nowinskis by leaving the note and mortgage and the assignment in the hands of their agent Czerwinski put in his hands the means to commit the fraud, and that the one of the two innocent persons should suffer who invested him with such means. A rule to that effect has been applied in numerous and a variety of cases. *Shepard v. Pabst,* 149 Wis. 35, 135 N. W. 158; *Seidl v. Paulu,* 174 Wis. 403, 183 N. W. 246; and *Heal v. Stoll,* 176 Wis. 137, 185 N. W. 242, are cases in which this court has applied it. This rule is often applicable where an agent having authority to act respecting property belonging to his principal has exceeded his authority under circumstances such that he had apparent authority to do as he did do. But here the thing which Czerwinski pretended to assign was not property. On payment it "ceased to have legal existence." *Comstock v. Buckley,* 141 Wis. 228, 231, 124 N. W. 414. The payment of a note after maturity to the legal holder extinguishes the debt; it cancels the note; the note is not a subject of sale; it is of no value; it is only a worthless piece of paper. 3 Daniel, Negotiable Instruments, §§ 1417, 1421; *Vandagrift v. Bates County Inv. Co.* 144 Mo. App. 77, 128 S. W. 1007; *Binford v. Adams, supra; Porter v. Title Guaranty & Surety Co.* 17 Idaho, 364, 106 Pac. 299; *Thiel v. Butker, supra.* The case last cited is indistinguishable in its facts from the instant case. It is there said:

"The principle that one must suffer the loss who places it in the power of the wrongdoer to commit a wrong has no

application. We are governed by the strict rule of the commercial law adopted in the interest of commerce."

The judgment of the circuit court is admittedly erroneous in adjudging the Orth Company mortgage canceled.

*By the Court.*—Upon the appeal of the Orth Company, the judgment is reversed, with directions to strike therefrom the provision respecting cancellation of its mortgage and to insert a provision that the lien thereof is superior to the lien of the trust deed foreclosed by counterclaim, and for application of the proceeds of sale accordingly. No costs will be awarded to the Orth Company. Upon the appeal of the plaintiff, Ewa Michalak, the judgment is affirmed.