Knuth, Respondent, vs. Pattarson, Defendant: Niewia-
domski and another, Appellants.

*November 10—December 8, 1936.*

202

*John L. Newman* of Milwaukee, for the appellants.

For the respondent there was a brief by *Affeldt & Licht-sinn* of Milwaukee, and oral argument by *H. F. Lichtsinn.*

ROSENBERRY, C. J.   It is the contention of the defendants Niewiadomski that this case is ruled by *Michalak v. Nowinski* (1936), 220 Wis. 1, 264 N. W. 498.  The facts in this case as found by the court are materially different than the facts in the *Michalak Case.*   In that case Nowinski by his agent Czerwinski paid $3,000 to the original mortgagee.  It was held that this discharged the instrument.   Clearly the payment was upon the note and mortgage.   There was no dispute as to that fact.   Here, the defendants Niewiadomski never paid any money on a mortgage; their payments were to Czerwinski upon a land contract.   Nor did Czerwinski ever pay the mortgage unless the payment arises out of the following circumstances: On November 10, 1921, Ann Zoeller, then the holder of the note and mortgage in question, assigned and transferred the note and mortgage to Marie J. Czerwinski.   Marie Czerwinski Swietlik testified that for several years prior to 1923 she had worked in her father's office; that she did not pay any money to Ann Zoeller for the assignment made by Ann Zoeller to Marie J. Czerwinski; that she had nothing to do with the transaction, did not receive the $1,600 from the plaintiff paid for the assignment made by her to the plaintiff; that the Czerwinski office used her name and she merely signed the documents; that in every case where her name was used with respect to mortgages, those mortgages actually belonged to her father. In *Michalak v. Nowinski, supra,* Nowinski was one of the original parties to the instrument, and the payment made through Czerwinski as agent was made to the original payee named in the instrument after the maturity of the instrument. These facts were held to bring the transaction within the provisions of sec. 117.06, Stats., that is, that it was a payment

in due course. Here the owner of the security received from Czerwinski a certain sum in consideration of which the owner and holder of the instrument transferred it to Marie J. Czerwinski. There is nothing to show that as to the original payee the transaction was considered a payment, in fact the circumstances show exactly the opposite. While Czerwinski had assumed and agreed to pay the mortgage, he was not a party to the instrument.

Speaking of a negotiable instrument, it was said in *State Finance Co. v. Moore* (1918), 103 Wash. 298, 174 Pac. 22, 23:

"As to a person who is not a party thereto and against whom no liability can be enforced in an action upon the instrument, the instrument has not been discharged when the parties to it, the principal debtors, admit that it is still in full force and effect."

The court found upon the undisputed evidence that the defendants Niewiadomski had never made or attempted to make any payments upon the note and mortgage. The money paid by Czerwinski was his own. There is nothing to show that it was tendered or accepted as a payment. It is most unfortunate that the Niewiadomskis trusted Czerwinski. No other conclusion can be reached than that they depended entirely upon his covenant to furnish them with a good title to the premises and, although the land contract upon which they made the payments recited that the premises would be subject to mortgages, they never took any steps to see that the money paid by them to Czerwinski or Czerwinski, Inc., was in fact applied upon a mortgage. Under the circumstances of this case, it is considered that the instrument was not discharged and that the judgment of the trial court is correct.

*By the Court.*—The judgment appealed from is affirmed.