Osborn & Co. vs. Baird.

RYAN, C. J., took no part.

## D. M. OSBORN & CO. VS. BAIRD.

PAYMENT *of note, before due, to bank as payee's agent, followed by failure of bank: when a good payment.*

1. Defendant, having given his note to plaintiffs payable in ten days, with interest after due, at a certain bank, paid the amount to such bank two days after the date of the note, to be applied in payment thereof. Three days thereafter, plaintiffs sent defendant a notice of the time when and place where his note was payable, and that it was then in said bank; with a memorandum on the back that the note might, at any time before due, be paid to the agent who had it for collection. Two days later, said note was received by the bank from plaintiffs, but on the next day the bank suspended payment, and shortly after made an assignment as an insolvent, and never paid any part of the note to plaintiffs. *Held,* that these facts sustain a finding that defendant's note was paid.
2. From the time when the bank as plaintiffs' agent received the note from them for collection (defendant having previously been notified that he might pay it in advance, and the money for such payment being then in the agent's hands), the money was held by such agent *for plaintiffs,* and not for defendant.
3. Said notice, sent by plaintiffs to defendant, being a printed form, and the memorandum upon the back being printed in three languages, and stating that a like notice was sent to each of plaintiffs' customers, it may fairly be inferred that said bank had a general authority to receive payment in advance on all plaintiffs' notes made payable there; in which case the payment was good *when made.*

APPEAL from the Circuit Court for *Waukesha* County.

The case is thus stated by Mr. Justice TAYLOR:

Action upon a promissory note given by the defendant to the plaintiffs, dated September 9, 1875, for $80, due ten days after date, payable at the office of O. M. Tyler & Co.'s bank in Waukesha, with interest at the rate of ten per cent. after

due. The evidence shows that on the 11th of September defendant paid the amount of the note into the hands of O. M. Tyler & Co., and took their receipt as follows: "Received of S. Baird eighty dollars to pay the note given by his son for a mower.

"September 11, 1875.            O. M. TYLER & Co."

The evidence further shows that on or about the 17th of September, 1875, said note was received by O. M. Tyler & Co. from the plaintiff for collection; and that O. M. Tyler & Co. were then doing business as usual, but on the 18th suspended and closed their doors, and on the 20th of September made an assignment under the insolvent laws of this state, and never paid to the plaintiffs the amount of this note or any part thereof. The following letter and notice was mailed at Chicago to the defendant on the 15th of September, 1875:

"CHICAGO, ILL., *Sept. 15, 1875.*
"WM. G. BAIRD, Waukesha, Wis.:

"*Dear Sir:* — Your note for $80.00 and interest, to the order of D. M. Osborn & Co., and indorsed ——, becomes due on the 19th day of September next, and is payable at the office of O. M. Tyler & Co., bankers, Waukesha, Wis., where the note now is; and it is particularly desirable for you to pay it promptly when due.            Respectfully yours,
"D. M. OSBORN & Co."

On the back of this letter was the following:

"We send a notice like this for each of our customers' notes, for our mutual convenience, so that there may be no mistake about the day and place of payment. We trust every one will understand our motive in giving this notice, and take no offense. We expect all notes will be paid on the day they are due. Remember that you may pay and take up your note now, or at any time before due, if you choose; thus having to pay interest only up to the time you pay. The agent who has the note for collection will allow you to do this, if you show him this notice. Do not forget to take along money enough to pay the interest up to the time you pay the note."

The case was tried by the court without a jury. The court

found that the note was paid, and ordered judgment for the defendant for the costs of the action; and from such judgment plaintiffs appealed.

· The cause was submitted on the brief of *Samuel A. Randles* for the appellants, and that of *Vernon Tichenor* and *J. V. V. Platto* for the respondent.

TAYLOR, J. We do not find any error in the proceedings or judgment. The defendant paid the money to the plaintiffs' agent at the place where the note was payable.. It is true, the payment was made before the note was due; but he was expressly authorized by the plaintiffs to pay it before the same was due. The note was not in the hands of the agent at the place of payment, when payment was made; but it was at that place and in the hands of such agent before he failed and closed his doors. There are two aspects of the case, either of which we think will sustain the judgment. It may well be inferred from the memorandum on the back of the circular letter, that the agent at whose place of business this note was payable, had a general authority to receive payment in advance on all of the plaintiffs' notes made payable at his office; and consequently. it was a good payment when it was made. The evidence shows that the letter given in evidence is a printed form, and that the indorsement on the back is also printed in three languages, English, Norwegian and German. It may fairly be inferred from this fact that it was their general mode of doing business to permit the payment of their notes before they were due, and that their agents at the places where the same were made payable, were instructed to receive such payments. It is also clear that, the plaintiffs' having sent their note to the agent at the place where the same was payable, before it was due, and notifying the defendant that he could pay the same into the hands of such agent at any time before as well as after it was due, was a ratification of the payment made before the receipt of the letter; and thereafter the agent held the money for the use of the plaintiffs, and not for the use of the defendant. The money was in the hands of the agent to pay the note, and, there

being authority to pay at any time before due, the note was paid as soon as the agent received the same. It would have been an idle and unnecessary ceremony for the defendant to call upon the agent, and say to him that the money he had already received in payment of the note should be then applied to such payment. The maker of the note had the right to rely upon his payment already made, as a satisfaction of the same, as soon as the note came to the hands of the plaintiffs' agent, who was authorized to receive and who had received his money in payment thereof.

In this case, if either party is to suffer a loss by the failure of the person at whose office the note was made payable, it should be the plaintiffs. They made this note payable at the office of the failing party, and thereby constituted him their agent to receive the money on the note; and, he having received such money of the defendant in payment of the same, although before the note was due, yet, having authority so to receive the same, the loss, if any, arising from his subsequent failure, should fall upon the plaintiffs.

*By the Court.* — The judgment of the circuit court is affirmed.

RYAN, C. J., took no part.