Sailer vs. Barnousky.

*February 26 — March 18, 1884.*

*(1, 2) Repayment of borrowed money to third person: Presumption of agency. (3) Instructions to jury.*

1. If, at the time of borrowing money, it is agreed that the borrower shall pay it to a third person, to be by him delivered to the lender, and the money is paid to such person as agreed, the borrower is discharged from further liability.

2. The fact that such third person runs a stage and carries the mail between the residence of the lender and that of the borrower raises no presumption that he was the agent of the borrower exclusively.

3. Where a correct instruction upon a material point is asked in time, and there is evidence to support it, it is error to refuse it unless an equivalent instruction is given.

APPEAL from the Circuit Court for *Door* County.

Action to recover $20 loaned by the plaintiff to the defendant. The answer admits the borrowing of the money, but alleges repayment. There was a verdict for the plaintiff. A motion for a new trial was denied, and from the judgment entered on the verdict the defendant appealed.

*H. M. McNally*, for the appellant, argued, among other things, that a common carrier is presumed to be the agent of the consignee, so that payment or delivery to him is payment or delivery to the consignee. 1 Parsons on Con., 532 note *a*, 614; *Congar v. G. & C. U. R. R. Co.*, 17 Wis., 477; *Ela v. A. M. U. Exp. Co.*, 29 id., 611.

For the respondent there was a brief by *O. E. & Y. V. Dreutzer*, and oral argument by *Mr. O. E. Dreutzer*.

CASSODAY, J. The parties lived some distance from each other. It was the theory of the defense that at the time of borrowing the money it was agreed between the plaintiff and defendant that the latter would repay the money by sending it to the plaintiff by a Mr. Kilgore, who ran a stage and carried the mail between the two places. The plaintiff testified, in effect, that at the time he loaned the money to the defendant the latter agreed to bring it back himself or send it by Mr. Kilgore in a few days, and that he was satisfied to have it sent by Mr. Kilgore so long as he got it. It appears from the undisputed testimony that a few days after borrowing the money the defendant gave to Kilgore the amount, with directions to deliver it to the plaintiff. Kilgore testified that he received the money as stated; that he took it to the plaintiff's saloon and paid it to one of the

two boys therein, apparently in charge. The plaintiff and each of his boys testified that Kilgore never paid the money to either of them. For want of exceptions to specific portions of the charge we are precluded from considering them. The defendant requested the court to instruct the jury that " if you find from the evidence that it was understood between the parties to this action that the money in question should be paid by the defendant to Mr. Kilgore, to be delivered by him to the plaintiff, and that the money was paid to Kilgore *as agreed,* then your verdict will be for the defendant." The court refused to so instruct, and gave to the jury no equivalent instruction. There is no claim that the request was not made in time. If at the time of borrowing the money it was understood between the parties that the money in question should be paid by the defendant to Mr. Kilgore, to be delivered by him to the plaintiff, and the money was so paid to him *as agreed,* then, it seems to us, the defendant became discharged of all further liability. *Fiske v. Fisher,* 100 Mass., 97; *Osborn v. Baird,* 45 Wis., 189, Whether the facts stated in the instruction were true or not was for the jury, and not the court. The mere fact that Kilgore ran a stage and carried the mail between the two places raised no presumption of law or fact that he was the agent of the defendant — much less his agent exclusively. If any inference is to be drawn from that fact, it would seem to be the other way. The point covered by the instruction was certainly material to the issue. It is equally clear that there was evidence tending to support it. These things being so, the defendant was entitled to have the instruction given. *Campbell v. Campbell,* 54 Wis., 98. Of course, if the agreement was that the money should be so sent at the defendant's risk, that would be a different question.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.