Charles E. Brown, Respondent, *v.* Wesley F. Janes, Appellant.

(County Court, Oneida County, March, 1911.)

Justices of the peace —Appeal and error — Review — Returns — Questions presented for review — Matters not apparent.

Negotiable instruments —Actions — Presumptions and burden of proof —As to title.

> Upon an appeal from a judgment of a justice of the peace, the court will not assume matters against either side as to which the record is silent.

> In an action upon a promissory note, where the plaintiff alleges a legal title thereto by indorsement, it may be doubted whether the mere physical possession of the note upon the trial is sufficient to support the allegation.

> And where, in such a case, there was strong evidence of payment, uncontradicted except by the production of the note, a judgment for the plaintiff should be reversed and a new trial granted.

Appeal to the County Court from a judgment of a justice of the peace.

Davies, Johnson & Wilkinson, for appellant.

George F. Morss, for respondent.

Hazard, J. This action was brought on a promissory note, given by the defendant Janes, payable to the order of defendant Brown. It appears that sometime after the note was given the payee died, and the plaintiff was appointed administrator of his estate. The action is brought by the plaintiff individually; but he alleges that he was duly appointed administrator of James Brown's estate, " and thereafter entered upon the discharge of his duties as such administrator, and as such administrator duly endorsed said note to plaintiff who then became and now is the owner and holder of the same."

The amended answer admits the making of the note and

the death of the payee, and that plaintiff was appointed administrator, and denies each and every other allegation in the complaint. It also alleges payment.

Upon the case coming up for trial, the record runs as follows: " Charles E. Brown, plaintiff, in his own behalf testified. Mr. Morss shows Brown a note, and Brown says interest is $9.23. Note offered in evidence and marked Ex. A. Plaintiff rests.

" Defendant moves for a nonsuit on the ground that plaintiff has failed to prove facts sufficient to constitute a cause of action in this case against the defendant.

" Motion denied."

The foregoing comprises all of the record of the plaintiff's case, and does not disclose whether the note in suit was received in evidence or not, or whether there was any objection to its receipt. The note in question is included in the return, and it appears to bear the indorsement: " James Brown, Charles Brown, Administrator."

It should be borne in mind that the defendant concedes the making of the note, the death of the payee, and that plaintiff was duly appointed administrator; but he distinctly denies the allegation of the complaint quoted above, to the effect that plaintiff as administrator had indorsed the note to himself. The point is made on behalf of this appellant that there was a failure of proof on the part of the plaintiff, and that he had not established facts sufficient to maintain his cause of action. This presents the simple question of whether plaintiff should have given proof of the indorsement appearing on the back of the note in suit. Just why he didn't is difficult, indeed, to see, as the man who made the indorsement appears to have been sworn as a witness — at least he was present in court and a very few words from him would have eliminated this question. However, the plaintiff saw fit to give no evidence, except as to the amount of interest due, simply producing his note, and I will give him for the purpose of the argument the benefit of the supposition that the note was received in evidence, although the record does not so state.

In proceeding as above, presumably the plaintiff relied

upon a principle of law which is stated in many ways and in many cases, the purport of which is that the production by a party to a suit of a promissory note is *prima facie* evidence of ownership thereof. Certainly there is such a rule, with various modifications and additions to be found in a large number of cases. The respondent quotes it in his brief in the following language : " The production of a note by the plaintiff on the trial of an action brought thereon raises a presumption of ownership."

Undoubtedly such a rule is to be found in many cases.

In Newcome v. Fox, 1 App. Div. 389, it is held that, on production of a note by plaintiff, there arose a presumption that she was the owner of it. That case appears to have been decided upon the authority of Stephens v. McNeill, 26 Barb. 657, in which case the suit was upon a check which had been indorsed by the payee, and the rule is stated as above.

In Flower City National Bank v. Glover, 88 Hun, 4, the court says : " Upon the production by the plaintiff of the notes at the trial the presumption was that the plaintiff became the owner of them by due course before maturity, and that it was a *bona fide* holder of the notes for value." In this case the notes in suit had been indorsed by the payee.

In Kidder v. Horrobin, 72 N. Y. 159, the court held that possession of the draft in suit by the assignee of the payee was presumptive evidence of ownership.

In Hauxhurst v. Ritch, 119 N. Y. 621, it was held that possession by the payee, or some one claiming under him, of a written instrument evidencing an indebtedness due from the maker thereof, raises a presumption that the debt has not been paid, and that the possession of the note made plaintiff a *prima facie* holder and owner.

Barlow v. Myers, 24 Hun, 286, discusses and affirms the right of a holder of a note negotiable and indorsed in blank to maintain an action thereon, and holds that such a note may be sued upon by the holder without showing title, relying in the first instance at least upon possession as giving him presumptive title.

National State Bank of Camden v. Richardson, 20 N. Y. St. Repr. 52, says : " Upon the production of a note in suit

the presumption of law was raised not only that the plaintiff was the holder of it, but that it was the holder thereof before maturity and for full value," and that " If the contrary is asserted the burden of proof is upon the defendant to establish the fact by evidence."

In Collins v. Gilbert, 94 U. S. 753, the court says: " They (notes) may be transferred by endorsement, or where endorsed in blank or made payable to bearer, they are transferable by mere delivery. Possession of such an instrument payable to bearer, or endorsed in blank, is *prima facie* evidence that the holder is the proper owner and lawful possessor of the same."

It seems to me that these and very many cases holding similarly must be deemed to have established the rule then as applied to this particular case that, upon production of the note in suit, a presumption of law arose that the plaintiff who had it in his possession was *prima facie* the owner of it, and, as stated in the National State Bank of Camden v. Richardson case, " if the contrary is asserted, the burden of proof is upon the defendant to establish the fact by evidence."

There is another line of cases holding that a note, like any other chose in action, may be transferred by delivery only, without indorsement. See Meuer v. Phenix National Bank, 94 App. Div. 331; Freund v. Importers & Traders' National Bank, 76 N. Y. 352; Goshen National Bank v. Bingham, 118 id. 349; Wangner v. Grimm, 169 id. 421.

These cases hold that a note, like any other chose in action, may be transferred by oral agreement and delivery, and that the transferee may bring an action in his own name, he having an equitable title only, as distinguished from a legal title, which he would have had had the note been indorsed to him. This is made a matter of statute law by section 79 of the Negotiable Instruments Law. Under these cases and the statute quoted it is very probably true that plaintiff might have relied upon the mere physical possession of the note, and the legal presumption thereby arising, as making out some kind of a *prima facie* case of title, ignoring the unproved indorsement entirely; but we find, upon examining his complaint, that he claims to own such note as indorsee, and

thereby to be the legal, instead of the mere equitable, owner of the note. It is, therefore, doubtful if the last cases quoted, together with section 79 of the Negotiable Instruments Law, are of very much assistance to the plaintiff.

It seems that the note in question might be open to objection, when offered in evidence, in the absence of proof of the indorsement. I do not suppose that appellant can be given the benefit of the assumption, that he would have objected to the receipt of the note in evidence, or that he did so object; because, as stated, the record simply shows that the note was offered in evidence, and does not show that any objection was made thereto, or that the note was received in evidence. If we may assume it was, and without objection, I think, upon the authorities mentioned, that the motion for a non-suit was properly denied. However, we should not assume matters against either side, regarding which the record is entirely silent; and it is probably not fair to assume that the note was received in evidence without objection, when it does not appear that it was received at all. Furthermore, upon the defendant's side of the case, there was some rather strong evidence offered to substantiate his claim that the note had been paid, and this evidence the plaintiff did not in any way contradict. In fact, beyond testifying as to the amount of interest on the note, he did not offer any evidence. Neither did the defendant give any evidence whatever substantiating his denial of the ownership of the note by plaintiff.

Judgment for the plaintiff for the full amount claimed has been rendered herein, all of which rests, it is to be supposed, upon the mere production of the note in question without any further evidence on plaintiff's part; and the witnesses for the defendant do not appear to have been impeached, except to the trifling extent of showing some relationships on one side or another, and I think upon the whole the judgment must be deemed to be against the weight of evidence, and that it should be reversed and a new trial ordered. As there are some close questions of law involved in this case, as well as some loose matters of practice on both sides, I do not think that I should reflect upon the justice before whom the case was tried to the extent of taking the trial away from him,

and the case may be retried before Justice G. C. Woodruff of Camden, N. Y., at his office in the said village, on the 20th day of March, 1911, at ten o'clock in the forenoon. The costs of this appeal to applicant must abide the final outcome of the action.

Judgment accordingly.