## HUBBARD v. ST. JOHN. (No. 471.)

Court of Civil Appeals of Texas. Eastland.
June 22, 1928.

**Bills and notes ⬅524—Possession of unindorsed note payable to order held not prima facie evidence of ownership against maker.**

Mere possession of promissory note payable to order of another than plaintiff, not specially indorsed to plaintiff nor indorsed in blank, *held* not prima facie evidence of ownership as against maker.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Gilvie Hubbard, receiver, against Will St. John. Judgment for defendant, and plaintiff appeals. Affirmed.

M. McCullough, of Eastland, for appellant.
Butts & Wright, of Cisco, for appellee.

FUNDERBURK, J. Appellant sued appellee on a promissory note payable to the order of Bank of Pioneer. Both the Bank of Pioneer and the Pioneer Exchange Bank were privately owned, unincorporated institutions. The owners of the former sold out to the owners of the latter, and the name of the bank was changed from the Bank of Pioneer to the Pioneer Exchange Bank after the sale. Appellant is receiver of the Pioneer Exchange Bank under appointment of the district court of Eastland county. The assets of the Pioneer Exchange Bank were delivered to appellant by a prior receiver, Jack Oates. There was no indorsement of any character on the back of the note, and appellant did not find on the books and records of the bank any entry with reference to the note. There was no evidence offered to the effect that the particular note sued upon was sold by the Bank of Pioneer to the Pioneer Exchange Bank. When the note was offered in evidence, appellee objected to the admission thereof, on the ground that the evidence failed to show that the receiver owned any interest therein, or that same was ever in-

---

dorsed by the payee, the Bank of Pioneer. These objections were sustained, and, there being no other evidence of appellee's liability, judgment was rendered that appellant take nothing.

The controlling question of law in this case was decided by this court on June 15, 1928, in the case of Pinkerton v. Kempner, 8 S.W. (2d) 555. We there held that mere possession of a promissory note payable to order, not indorsed by the payee, is not prima facie evidence of ownership as against the maker. We have carefully reconsidered the question in the light of appellant's brief, but are confirmed in the opinion that our decision in that case was correct. In addition to the authorities cited by us in that opinion, the following authorities support the conclusion: Gregg v. Johnson, 37 Tex. 558; Reynolds v. Gregg (Tex. Civ. App.) 258 S. W. 1088; Fidelity & Deposit Co. v. Risien (Tex. Civ. App.) 284 S. W. 977; 8 C. J. p. 1006, § 1310.

The question is exhaustively treated in Brannan's Negotiable Instruments Law (4th Ed.) § 49, beginning at page 341. Cases seeming to hold to the contrary are there reviewed, and it is there announced that the better rule, and the one having support in a majority of the decisions, is that mere possession of an unindorsed note payable to order is not prima facie evidence of ownership against the maker.

It is our opinion that the trial court did not err in refusing to admit the note in evidence, and the judgment below is therefore affirmed.