## PEURIFOY v. JONES.
### No. 988.

Court of Civil Appeals of Texas. Eastland.

April 29, 1932.

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

F. E. Smith, of Abilene, for appellee.

FUNDERBURK, J.

W. M. Jones, as part consideration for the conveyance of a tract of land, executed and delivered to S. W. Peurifoy five notes for $540 each, due and payable, the first one on May 1, 1931, and one each year thereafter until all were paid. On or about January 10, 1931, thereafter, Peurifoy, the payee, notified Jones, the maker of said notes, that same had been sold and delivered by him to one Ed Reynolds, and that Peurifoy had no further interest in them. On or about the 17th day of January, 1931, Jones paid Reynolds $750 in cash, canceled a debt due by Reynolds to him of $47, and agreed to give Reynolds a deed to a lot in Coleman county in consideration of the transfer and delivery of said notes from Reynolds to Jones. The notes, when delivered by Reynolds to Jones, contained no indorsement by the payee Peurifoy. After Reynolds had delivered the notes to Jones, he got them back, ostensibly for the purpose of preparing a release. Reynolds turned them over to Peurifoy, and Jones, being informed that Peurifoy and Reynolds were offering the notes for sale, and the notes upon their face not being due, he filed this suit, seeking to compel delivery to him of the notes; to enjoin the sale thereof, and to have the lien evidenced thereby released. Upon a jury trial a special verdict was rendered for the plaintiff, finding substantially as above stated, and from a judgment thereon for plaintiff the defendant Peurifoy has appealed.

The transaction by which the plaintiff took possession of the notes, after paying Reynolds $750 in cash, and agreeing to cancel the $47 debt from Reynolds to him and agreeing to convey the lot in Coleman county, was designated by the plaintiff as a purchase of the notes. All of appellant's assignments of error constitute a complaint as to the action of the court in refusing to give a peremptory instruction in his favor on the ground that, the notes showing no indorsement by Peurifoy, the payee, no title thereto passed to the plaintiff, and no estoppel could be predicated upon the representations made by Peurifoy to the effect that Reynolds was the owner of the notes, since the lack of indorsement constituted notice to plaintiff of the defect in Reynolds' title to them.

The mere possession by Reynolds of the notes, with no indorsement thereof by Peurifoy, the payee, did not constitute prima facie evidence of ownership by Reynolds. Pinkerton v. Kempner (Tex. Civ. App.) 8 S.W.(2d) 555; Hubbard v. St. John (Tex. Civ. App.) 8 S.W.(2d) 556. If, therefore, the notes in question had been the obligation of some one other than that of the plaintiff, and the question had been simply whether plaintiff acquired title to the notes, it is certainly true he would not have acquired legal title by the transaction in question. But the legal effect of the transaction in question was, not merely a transfer of title to the notes, but was a payment of the notes. Undoubtedly, had the notes been in the possession of Peurifoy and he had agreed with plaintiff to surrender all his rights therein for a consideration deemed

as valuable as the notes, and satisfactory to him, the delivery of the notes to plaintiff in pursuance of such a transaction would have constituted payment, and it would have been immaterial that there was no indorsement on the notes or other evidence of such payment.

■ The only question then is the effect of Peurifoy's representations that he no longer had any interest in the notes, and that Reynolds was the owner thereof. If such representations were true, then plaintiff had precisely the same right to deal with Reynolds, and by special agreement he could pay the notes to Reynolds in cash or otherwise. In such case there would be no more necessity for the notes to be indorsed than had the plaintiff dealt directly with the original payee, Peurifoy. We cannot escape the conclusion that such is the legal effect of the transaction which the jury found took place between the parties.

■ Appellant insists that Reynolds had no title to the notes, and this position made it necessary for the plaintiff to establish his plea of estoppel in order to recover. The jury found that Peurifoy did represent to plaintiff that he had no interest in the notes, and that they were held by Reynolds. This part of the verdict was in response to the plea of estoppel, and, in the absence of special objection to the manner of submission, must be held to support a judgment for the plaintiff upon his plea of estoppel.

We therefore conclude that the trial court did not err in refusing to give a peremptory instruction in favor of the appellant, for which reason the judgment of the court below should be affirmed, which is accordingly so ordered.