ROSECKY, Appellant, vs. TOMASZEWSKI and another, Respondents.

*May 25—September 14, 1937.*

For the appellant there were briefs by *Frank J. Lenicheck* and *Robert A. Ewens,* both of Milwaukee, and oral argument by *Mr. Ewens.*

*Oscar Kroesing* of Milwaukee, for the respondents.

The following opinion was filed June 21, 1937:

FOWLER, J.   The plaintiff, who is assignee of a mortgage and the mortgage note, appeals from a judgment of foreclosure of the mortgage and assigns as error, (1) the application on the note of $2,200 paid by defendants to the agent of his assignor.   He also claims that if the payments were properly applied the court erred, (2) in denying interest on the unpaid principal sum after a tender was made by the defendants of the amount found due on the note at the time of the tender.   The statement preceding the opinion details the facts material to the questions raised by these assignments.

(1) The case is ruled by *Falk v. Czapiewski,* 214 Wis. 624, 254 N. W. 111, which holds that payment of an unindorsed negotiable note payable to order, secured by a mortgage, to the original payee, without notice of the assignment, operates as payment against the assignee.   The appellant claims it is not so ruled because the rule of the *Falk Case* is based on sec. 235.52, Stats., which provides that recording an assignment of a mortgage shall not operate as notice to the mortgagor, his heirs, or personal representatives so as to invalidate any payments made *by* them or either of them to the mortgagee.   He claims that this statute does not operate when, as here, the payment is not made to the mortgagee personally, but to his authorized agent.   He claims that many

states have like statutes, and that these statutes have uniformly been construed as not applying to anyone not expressly named in the statute itself. They have been so construed in cases where payments were made *by* someone not named in the statute, as by a subsequent purchaser of land. *Brewster v. Carnes,* 103 N. Y. 556, 9 N. E. 323; *Johnson v. Howe,* 176 Minn. 287, 223 N. W. 148; or a second mortgagee, *Robbins v. Larson,* 69 Minn. 436, 72 N. W. 456. But no case has held that a payment under such statute by the mortgagor *to* a person specified by the mortgagee to the mortgagor as his agent to receive payments does not operate as a payment. The holding of these cases is stated in a note in 89 A. L. R. 199, to be that the "statutes providing that the recording of assignments shall not be notice are limited in their application to the persons specified in them, and their *protection* cannot be extended to others." The statute aims at *protection* of the "mortgagors, their heirs and personal representatives." It is intended as a protection to these persons and these only. Therefore, when a grantee of the mortgagor or a subsequent mortgagee pays he is not protected, as the statute was not intended to protect him. But a mortgagor paying to the person whom the mortgagee has directed him to pay, is as much entitled to protection, and is as much within the reason of the rule of the statute, as is one who has paid directly to the mortgagee. The situation is like that involved in *Sailer v. Barnousky,* 60 Wis. 169, 18 N. W. 763, wherein it is held that if at the time money is borrowed it is agreed that payment shall be made to a third person, to be delivered by him to the lender, payment to such person discharges the borrower.

Sec. 370.01 (20), Stats., has indirect bearing upon the point under consideration. It provides that when a statute requires an act to be done which may by law as well be done by an agent as by the principal, such requisition shall be construed to include all such acts when done by an agent. The

act of receiving the money by the mortgagee was not, of course, required to be done by any statute. But the reason for sec. 370.01 (20) applies to the instant situation. That reason is that the act of an authorized agent is the act of the principal.

It is claimed by the appellant, and cases are referred to in the A. L. R. note above cited to the effect, that the rule of the statute does not apply to negotiable instruments. This is beside the case because the note involved was not negotiable when the payments were made. Assigning it without indorsement destroyed its negotiability. It was no longer subject to the law merchant. *Galusha v. Sherman,* 105 Wis. 263, 287, 81 N. W. 495.

Counsel seem to contend that the rule giving to a debtor upon choses in action that have been assigned the benefit of all defenses that he would have had in a suit by the assignor does not entitle him to the defense of payments made after the assignment, but only to those made before. His statement of the rule is that the debtor is entitled to such defenses only as existed at the time of the assignment and cites *Marling v. FitzGerald,* 138 Wis. 93, 120 N. W. 388, and the reference to that case in *Michalak v. Nowinski,* 220 Wis. 1, 264 N. W. 498, in support. The proposition as stated applies to equitable defenses only. It does not apply to payments, which are legal defenses as well as equitable. Payments by a debtor to the original payee under a chose in action after it has been assigned, made without notice of the assignment, are effective against the assignee. *Mowry v. Crocker,* 6 Wis. \*326; *Hastings v. Gwynn,* 12 Wis. 750; *Skobis v. Ferge,* 102 Wis. 122, 78 N. W. 426; 5 C. J. p. 978, § 172. Payment was not involved in the *Marling Case.*

Appellant claims that the respondents should be held estopped to claim payments on the note because they did not demand production of the note when they made them. To so hold would defeat the purpose of the statute cited. It is

quite likely that had the respondents made such demand the fraud of Trzebiatowski would have been prevented. But it is just as likely that fraud would have been prevented had the appellant informed the respondents that he had purchased the note and mortgage. The respondents were certainly under no greater obligation to protect the appellant against fraud than he was to protect himself.

(2) We are of opinion that the denial of interest on the $800 from the time of the tender to the time of trial was erroneous. The statute, or court rule of the same effect as a statute, sec. 331.171 (1), Stats., requires that the debtor pay the amount of the tender into court before commencement of the trial and notify the opposite party in writing, or be deprived of all benefit of such tender. The deposit was not made. The respondents therefore acquired no benefit from their tender, assuming that it was properly made, and assuming that they kept it good by at all times having the money at hand to pay it over to the appellant. Two decisions of this court, *Breitenbach v. Turner,* 18 Wis. *140, and *Mankel v. Belscamper,* 84 Wis. 218, 54 N. W. 500, are cited to the effect that payment into court is not necessary in equity cases, but *Weigell v. Gregg,* 161 Wis. 413, 154 N. W. 645, is directly to the contrary.

Respondents call attention to the fact that neither of the earlier decisions is referred to in the opinion in the *Weigell Case,* but we cannot disregard the latter case for that reason. We must overrule it or overrule the *Mankel Case,* as both cases involve foreclosure of a mortgage, and the court rule was the same when both were decided. The rule of the *Mankel Case* is expressly based on that of the *Breitenbach Case.* There was no rule of court respecting tender when the latter was decided. The *Mankel Case* ignores this fact. It goes on the assumption that in the absence of a rule of court the rule in law actions and equity actions is different, and ignores the fact that when a rule of court exists respecting a

matter, not by its terms limited to actions at law, it must be applied in actions in equity as well as in actions at law. The rule of the *Weigell Case* is adhered to and that of the *Mankel Case* is expressly overruled.

It follows that the judgment of the circuit court is correct as to the amount of principal sum recovered, but erroneous as to denial of interest on that sum from the date of the tender to the date of the findings. The amount of such interest is $487.07.

*By the Court.*—The judgment of the circuit court is modified by substituting as the total recovery of principal and interest the amount of $1,287.07 instead of $824, and, as so modified, is affirmed. Costs of this court are allowed to the appellant.

WICKHEM, J., took no part.

A motion for a rehearing was denied, with $25 costs, on September 14, 1937.