## BONUSO v. SHROYER LOAN & FINANCE CO., Inc.

### No. 185.

Municipal Court of Appeals for the District of Columbia.

June 6, 1944.

Joseph M. Bonuso, of Washington, D. C., pro se.

J. Harry Welch, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Judgment was entered against the maker of a promissory note payable to the order of "Shroyer Loan and Finance Company, Inc." The note was produced, proven and admitted in evidence. It contained no endorsement. On cross-examination of plaintiff's president he admitted that the payee named in the note was a Delaware corporation, and that plaintiff was a Maryland corporation of the same name. There was no evidence of a transfer of the note by the payee to plaintiff.

Without evidence of consolidation or merger of the two companies, we must assume that the Maryland corporation, which is plaintiff here, was a separate and distinct legal entity from the Delaware corporation, payee of the note. As in the case of different individuals, identity of name is a coincidence which may give rise to confusion, but has no conclusive legal implications.

Basing his argument on Commercial National Bank v. Consumers' Brewing Company, 16 App.D.C. 186, defendant contended that plaintiff, who was not the payee of the note, could not maintain its suit otherwise than in the name of the Delaware corporation to the use of the Maryland corporation. The authority cited held that a note payable to order, as here, was a chose in action, and that suit thereon by a transferee without endorsement must be in the name of the original payee to the use of the transferee.

Since that decision the Uniform Negotiable Instruments Act was, on March 3, 1901, enacted for this jurisdiction.[1] It provides in part that: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein."[2]

Our courts have had no occasion in any reported case to consider the effect of this provision upon the decision in Commercial National Bank v. Consumers' Brewing Company, supra. But elsewhere it has been held that the statute, by vesting the title of the transferrer in the transferee without formal endorsement, en-

---

[1] Code 1940, §§ 28—101 to 28—1010.

[2] Code 1940, § 28—320; U.N.I.A. Sec. 49.

titles the latter to maintain an action in his own name.[3]

We think this construction is reasonable. It dispenses with a technical formality of pleading without impairing the substantive rights of the parties. It does not deprive the maker of defenses against the payee or intermediate transferrer or constitute the transferee a holder in due course until a formal endorsement, if any, is thereafter made.

It is only by adherence to precedents of construction that we accomplish the objective of the statute and attain the uniformity sought to be accomplished by the Uniform Negotiable Instruments Act.

■ However, plaintiff, to maintain its action, was required to offer evidence of the transfer to it by the payee of the note, and that this transfer was "for value."[4] Production by a plaintiff of a note payable to the order of another does not alone prima facie establish his title or ownership.[5] It is said that in such a case the presumption is that ownership remains in the payee.[6]

■ Application of these precedents to the present case is not at variance with the decisions holding that the authentication and production of a negotiable note by a holder in due course makes a prima facie case for plaintiff,[7] for the physical "holder" of an unendorsed note drawn to order is not a "holder in due course",[8] and the transfer, although valid under Section 49, has destroyed the negotiability of the note.[9]

We hold that it was error to enter judgment without evidence that there had been a transfer for value from payee to the plaintiff. Defendant's claim of a release of liability involves factual issues which will be for determination by the trial court when the case is re-tried.

Reversed and remanded for new trial.

[3] Ellis v. Crowe, 193 Ark. 255, 99 S. W.2d 568; Bromfield Bank v. McKinley, 53 Colo. 279, 125 P. 493; Myrtilles, Inc. v. Johnson, 124 Conn. 177, 199 A. 115; Richardson v. C. I. T. Corp., 60 Ga.App. 780, 5 S.E.2d 250; Pfeil v. Loeb, 255 Ill.App. 484; Peterson v. Swanson, 176 Minn. 246, 223 N.W. 287; Proctor v. Home Trust Co., 221 Mo. App. 577, 284 S.W. 156; Brown v. Janes, 71 Misc. 316, 130 N.Y.S. 333; Young v. Hembree, 181 Okl. 202, 73 P.2d 393; Simpson v. First National Bank, 94 Or. 147, 185 P. 913; Federal Intermediate Credit Bank v. Carolina Petroleum Co., 154 S.C. 435, 151 S.E. 738; Landis v. White Bros., 127 Tenn. 504, 152 S.W. 1031; Furbee v. Furbee, 117 W.Va. 722, 188 S.E. 123; Brannan's Negotiable Instruments Law, 5th Ed., Sec. 49; Lile's Bigelow on Bills, 3d Ed., Sec. 463.

[4] Bright v. Auto Finance & Loan Co., 52 Ga.App. 841, 184 S.E. 786; Moore v. Moore, 35 Ga.App. 39, 131 S.E. 922; City National Bank & Trust Co. v. Oberheide Coal Co., 307 Ill.App. 519, 30 N.E.2d 753; Witt v. Campbell-Lakin Segar Co., 66 Or. 144, 134 P. 316.

[5] Queensboro Nat. Bank v. Kelly, 2 Cir., 48 F.2d 574, 87 A.L.R. 1172 and annotation; Hubbard v. St. John, Tex. Civ.App., 8 S.W.2d 556; Peurifoy v. Jones, Tex.Civ.App., 49 S.W.2d 949; see also cases cited, notes 3 and 4, supra.

We see no conflict between the rule as applied in these cases and the statement in Lee v. Mitcham, 69 App.D.C. 17, 98 F.2d 298, 300, 117 A.L.R. 1427, that "The transfer of possession of a negotiable instrument is presumably a transfer of title." There the full value of notes had been paid to a holder "for collection" and the issue was whether the payment extinguished the notes or transferred title to the payor. The authorities cited in support of the statement, Ketchum v. Duncan, 96 U.S. 659, 24 L.Ed. 868, and Dodge v. Freedman's Savings & Trust Co., 93 U.S. 379, 23 L.Ed. 920, clearly show that it was not intended in an unlimited sense.

[6] Swanby v. Northern State Bank, 150 Wis. 572, 137 N.W. 763.

[7] Klingstein v. Thomas Circle Cafe, 68 App.D.C. 5, 92 F.2d 554; Kiess v. Baldwin, 67 App.D.C. 147, 90 F.2d 392; Holley v. Smalley, 50 App.D.C. 178, 269 F. 694.

[8] Code 1940, § 28—402 defines a holder in due course; 28—320 supra, gives the holder by transfer without endorsement the right to require endorsement, but the rights of the transferee as a holder in due course take effect only at the time such endorsement is actually made.

[9] Mills v. Pope, 90 Mont. 569, 4 P.2d 485; Jackson State Bank v. Laurel National Bank, 111 Neb. 744, 197 N.W. 389; Lipten v. Columbia Trust Co., 194 App.Div. 384, 185 N.Y.S. 198; Rosecky v. Tomaszewski, 225 Wis. 438, 274 N.W. 259; Meuer v. Phenix National Bank, 183 N.Y. 511, 76 N.E. 1100.