STILES, Respondent, vs. DAHLKE, Appellant.

*November 18—December 15, 1948.*

150

The cause was submitted for the appellant on the brief of

*Winter & Koehler* of Shawano, and for the respondent on the brief of *Orville S. Luckenbach* of Shawano.

MARTIN, J.   The written order signed by both parties on December 31, 1945, is the contract governing the terms of the transaction.

The plaintiff delivered his automobile to the defendant, who was engaged in the buying and selling of automobiles, and the undisputed evidence is that the defendant made some repairs, reconditioned the car, and sold it for $809.

Plaintiff expected delivery of his new car within three or four months but a strike which lasted one hundred thirteen days in early 1946, delayed deliveries, and it is undisputed that no car meeting all of the qualifications and specifications of the plaintiff's order was ever delivered by the manufacturer to the defendant.   There is no evidence which would show that the failure to deliver at any time was due to defendant's neglect or failure to perform the contract.

Defendant contends that the trial court erred in establishing the market value of plaintiff's trade-in automobile to be $687.65, and that the amount of refund should be the market value (which defendant stated was not over $600) of the vehicle at the time plaintiff transferred its ownership to defendant.   As stated above, the defendant sold the car for $809 and, therefore, the court allowed fifteen per cent to defendant for reconditioning and selling commission, arriving at $687.65.

Considering the OPA ceiling price of the car at the time it was sold by defendant ($809 after reconditioning and a guarantee under OPA regulations) the trial court did not err in determining the market value.

The evidence is undisputed that defendant tendered to plaintiff $750 in cash prior to this action, but plaintiff refused to accept the money.   After the action was commenced, the defendant deposited $687.65 in the office of the clerk of the

circuit court and properly pleaded the tender made before trial and, also, the payment of the money into court.

Sec. 331.171, Stats., provides:

"(1) When tender of payment in full is made and pleaded, the defendant shall pay the same into court before the trial of the action is commenced and notify the opposite party in writing, or be deprived of all benefit of such tender. When the sum so tendered and paid into court shall be sufficient, the defendant shall recover the taxable costs of the action, if the tender was prior to the commencement of the action; and he shall recover such costs from the time of the tender, if the tender was after suit commenced.

"(2) When any party, pursuant to an order or to law, deposits any money or property with the clerk of court, such clerk shall record in the minute book the fact of such deposit, describing the money or property and stating the date of the deposit, by whom made, under what order or for what purpose and shall deliver a certificate of such facts to the depositor, with the volume and page of the record indorsed thereon. [*Court Rule XV; Supreme Court Order, effective Jan. 1, 1934.*]"

In order to keep the tender made before trial good, it was necessary to pay the full amount into court.

In the case of *Rosecky v. Tomaszewski* (1937), 225 Wis. 438, 274 N. W. 259, the plaintiff brought suit to foreclose a mortgage which originally was in the sum of $3,000. Before the assignment to the plaintiff the mortgagor paid $2,200 to the agent of the mortgagee. After the plaintiff became the owner of the note and mortgage he brought suit to foreclose, and the defendant tendered $800, claiming that the $2,200 previously paid to the agent of the assignor must be applied upon the mortgage. However, he did not pay the $800 into court. The court stated, p. 443:

"We are of opinion that the denial of interest on the $800 from the time of the tender to the time of trial was erroneous. The statute, or court rule of the same effect as a statute,

sec. 331.171 (1), Stats., requires that the debtor pay the amount of the tender into court before commencement of the trial and notify the opposite party in writing, or be deprived of all benefit of such tender. The deposit was not made. The respondents therefore acquired no benefit from their tender, assuming that it was properly made, and assuming that they kept it good by at all times having the money at hand to pay it over to the appellant. Two decisions of this court, *Breitenbach v. Turner,* 18 Wis. *140, and *Mankel v. Belscamper,* 84 Wis. 218, 54 N. W. 500, are cited to the effect that payment into court is not necessary in equity cases, but *Weigell v. Gregg,* 161 Wis. 413, 154 N. W. 645, is directly to the contrary."

This construes sec. 331.171 (1), Stats., as meaning that a debtor must pay the amount of the tender into court.

62 C. J., Tender, p. 693, sec. 90:

"In keeping good a tender made before suit the tenderer should pay into court the same amount as was tendered; but where the tender is made after action brought, the costs of the action already incurred must be brought into court along with the amount of plaintiff's demand admitted to be due by the plea. An insufficient tender, although paid into court, has been held to be of no effect."

Defendant failed to keep the tender good by paying $687.65 into court, instead of the original offer of $750, and plaintiff is entitled to both interest and costs of the action.

*By the Court.*—Judgment affirmed.