DAVID L. RUSCH, Chairman Funeral Directors and EmbalmersExamining Board
You request my opinion as to "whether Wisconsin Statutes sec.632.41 (2) prohibits a funeral director (or a funeral home) being named beneficiary of a life insurance policy, where the insured and beneficiary separately agree that the purpose of naming of the *Page 8 
funeral director as beneficiary of the policy is to pre-arrange payment for funeral and burial services to be provided by the funeral director/beneficiary." I assume that the life insurance policy provides only for payment of a specific amount of money to a named beneficiary and makes no reference to payment of funeral, burial or other expenses related to disposition of the body of the deceased.
I also assume that the contract of insurance is solely between the insurer and the insured and that it makes no reference to any actual or contemplated contract between a funeral director, or any other person doing business related to burials, and the person who is insured. which involves payment for funeral and burial services.
Section 632.41 (2), Stats., provides: "No contract in which the insurer agrees to pay for any of the incidents of burial or other disposition of the body of a deceased may provide that the benefits are payable to a funeral director or any other person doing business related to burials."
In my opinion sec. 632.41 (2), Stats., does not prohibit naming of a funeral director or funeral home as beneficiary of a life insurance policy in conjunction with a separate agreement, between the insured and the funeral director or funeral home, to use the proceeds for funeral and burial expenses.
I find no ambiguity in the statute requiring construction. AS stated in Wis. Bankers Ass'n v. Mut. Savings Loan,96 Wis.2d 438, 450, 291 N.W.2d 869 (1980):
 In the absence of ambiguity in a statute, resort to judicial rules or interpretation and construction is not permitted, and the words of the statute must be given their obvious and ordinary meaning. . . . A statute, phrase, or word is ambiguous when capable of being interpreted by reasonably well-informed persons in either of two or more senses.
"Insurer" as used in the statute is defined in part at sec.600.03 (27), Stats., as: "[A]ny person or association of persons doing an insurance business."
Section 632.41 (2), Stats., thus prohibits a person engaged in the insurance business from writing an insurance contract providing benefits payable to a funeral director if the benefits consist of payment for incidents of burial or other disposition of the deceased. The *Page 9 
life insurance policy contemplated by your question is not prohibited by this statute since it does not provide payment for costs of burial or other disposition of a body. Nor is the separate agreement between the insured and the funeral director prohibited since that agreement does not constitute one involving the insurer. The insurer, in your example, has contracted only to pay a specified sum of money to a named beneficiary. Section632.41 (2). Stats. does not prohibit that beneficiary from being a funeral director nor does it prohibit the benefit from being used for funeral purposes.
Neither an agreement between an insured and a funeral director to use life insurance benefits for payment of funeral and burial expenses nor the naming of the funeral director as beneficiary in furtherance of such agreement is prohibited by the statute. What is prohibited is a contract in which the insurer agrees to both "pay for any of the incidents of burial" and "provide that the benefits are payable to a funeral director or any other person doing business related to burials."
BCL:WMS