MARLENE A. CUMMINGS, Secretary Department of Regulation Licensing
You have asked for an opinion relating to the sale of life insurance by licensed funeral directors, operators of licensed funeral establishments or their employes (hereinafter referred to as funeral service persons).
Section 632.41 (2), Stats., provides: "BURIAL INSURANCE. No contract in which the insurer agrees to pay for any of the incidents of burial or other disposition of the body of a deceased may provide that the benefits are payable to a funeral director or any other person doing business related to burials."
71 Op. Att'y Gen. 7, 8 (1982), stated that this statutory provision did not prohibit the writing of a life insurance policy designating "a funeral director or funeral home as beneficiary of a life insurance policy in conjunction with a separate agreement, between the insured and the funeral director or funeral home, to use the proceeds for funeral and burial expenses."
This 1982 opinion was premised upon two assumptions:
 [T]hat the life insurance policy provides only for payment of a specific amount of money to a named beneficiary and makes no reference to payment of funeral, burial or other expenses related to disposition of the body of the deceased.
 . . . [T]hat the contract of insurance is solely between the insurer and the insured and that it makes no reference to any actual or contemplated contract between a funeral director, or any other person doing business related to burials, and the person who is insured, which involves payment for funeral and burial services. *Page 292 
71 Op. Att'y Gen. at 8.
You request an opinion under the following plan:
 The funeral service person (a licensed funeral director, an operator of a licensed funeral establishment, or an employee of same) will become licensed as an insurance agent. He or she will then sell a "pre-need funeral insurance" package to members of the public. The package will consist of: (1) a policy of life insurance, issued by the life insurance company for which the funeral service person is acting as agent, with the purchaser as the insured, and the funeral service person, or the funeral establishment with which he or she is associated, as the beneficiary, and (2) a "separate" agreement between the insured and the funeral director or funeral establishment to use the proceeds of the insurance policy for funeral and burial expenses.
The plan appears to be a thinly concealed attempt to evade the proscription of section 632.41 (2) and, in my opinion, must legally fail.
The critical distinction between the assumed facts in the 1982 opinion and the facts in the plan presented in your opinion request is that in the latter situation we do not have the separateness between the insurance policy and the separate agreement between the insured and the funeral service person.
The authorized acts of an agent are legally imputed to the agent's principle, Rosecky v. Tomaszewski 225 Wis. 438,274 N.W. 259 (1937). Further, Jeske v. General Acc. F. L. Assur. Corp.1 Wis.2d 70, 87, 83 N.W.2d 167 (1957), holds that an agent's knowledge is imputed to the company he or she represents.
Under the facts assumed for this opinion, the agent knows that the benefits of the insurance policy being written are payable to a funeral director or establishment and the agent also knows that the separate agreement provides that the benefits of the policy will be used to pay or help pay for the funeral and burial expenses of the insured.
Since the acts and knowledge of the agent are imputed to the insurer, the insurer legally knows that it is agreeing to pay the insurance proceeds to a beneficiary which is a funeral director or establishment for the incidents of burial or other disposition of the body of the insured. *Page 293 
The obvious legislative purpose for section 632.41 (2) is to prevent monopolistic or unfair trade practices that may result if an insurer writes such policies and has a tie with a particular funeral director or establishment. The explanatory note to chapter 375, Laws of 1975, creating the statutory provision involved states: "It is not the provision of burial services that is objectionable, but the tie-in arrangement between an insurer and an undertaker."
Gray v. United States, 410 F.2d 1094, 1104 (3rd Cir. 1969) held that two plans "separate in that they were not created by the same document, nor initiated at the same time, nor . . . mak[ing] any reference to each other" (footnotes omitted) are a single contract where the purpose of the two plans was to "form an integrated program" or a single purpose. The court stated: "One good ground for rejecting that position [that the two plans be considered separately] is to prevent attempts to avoid the reach of the statute by a series of contrived plans none of which, in itself, would fall under the section." Id. at 1105.
My predecessor's 1982 opinion rested upon the fact assumption that an insurer issued an insurance policy merely naming as the beneficiary a funeral director or establishment and that the insured independently entered into a separate contract with the funeral establishment or person agreeing to utilize the insurance proceeds to pay or help pay for the expenses of the funeral and burial. But the critical aspect of the assumed facts in that opinion is that the insurer was not privy to the separate contract between the insured and the funeral establishment or person
In this case, that is not true. Since the acts and knowledge of the agent are imputed to the insurer, the insurer knows that two plans, the insurance policy naming the funeral establishment or person as a beneficiary and the agreement to use the policy proceeds to pay for the expenses of the funeral and burial, form a single purpose, that is, to pay for the incidents of burial or other disposition of the body and provide that the insurance benefits are payable to the funeral service person who will provide the funeral and burial service. The two plans must be considered as a single contract designed to "avoid the reach of the statute."
Several plans alternative to the plan stated in your letter of request have been proffered for consideration. *Page 294 
One plan would have the funeral establishment create a separate corporation that would write the two plans, the insurance policy and the "separate" agreement. If the separate corporation is acting as agent for the funeral establishment, my opinion remains the same. The separate corporation would still be acting as agent for both the funeral establishment and the insurer.
Another alternative plan submitted for consideration would allow the insured to change the beneficiary in the policy at a later time. Again, this would not change my opinion since the policy, as written, would still name a funeral establishment or person as beneficiary and still would have been written in connection with the contract between the insured and funeral establishment or person to utilize the insurance proceeds to pay for the incidents of burial.
It has been strongly advanced that it is in the public interest to allow the providing of a "pre-need" funeral and burial plan through the insurance policy route. This argument should be addressed to the Legislature. This opinion only addresses the law as it exists in relation to a specific set of facts.
Since I have determined that the plan is illegal under section632.41 (2), it is unnecessary for me to consider whether it is illegal under either section 445.12 (7) or 445.12 (3), or whether it is unethical and therefore prohibited.
DJH:WHW *Page 295